# Burnett *vs* Meadows' Administrator.

### ERROR TO THE WASHINGTON CIRCUIT.

*Administrator.    County Court.    Jurisdiction.*

JUDGE SIMPSON delivered this opinion of the Court.

DETINUE.

*Case* 74.

*June* 19.

Case stated.

THIS is an action of detinue for a slave, brought by the defendant in error, as administrator *de bonis non* of Richard Meadows, deceased.

Meadows being a resident of Essex county, Virginia, contemplating a removal to the county of Nelson, in this State, died on the route, before he had got out of the county of Essex, after he had, his family and property being along with him, commenced his intended removal. After his death, his family continued their journey, bringing with them the property, and settled and resided for some years in Nelson county. No part of his property was actually in this State at the period of his death.

Has a County Court in this State, any power under these circumstances, to grant an administration on this estate?

The succession to his slaves and personal estate should no doubt be regulated by the laws of the country where he resided when he died. And had he been domiciled in the State of Virginia at the time of his death, and his property afterwards been brought into this State, no administration on it could have been granted here, as was decided by this Court in the case of *Embry* vs *Miller,* (1 *Marshall,* 300.)

A citizen of Virginia determined to remove to Kentucky started with his property, and died on the way, his family continued the journey, with the property to Kentucky. Held that the County Ct. of the county where the family located with the property had jurisdiction to grant administration.

Inasmuch, however, as this property was *in transitu* when he died, and afterwards reached its destination, and as many inconveniences would necessarily result from the absence of power in our County Courts to regulate its administration, it should be regarded as being at the time of his death, constructively in this State, under the circumstances here presented, solely however, for the purpose of enabling a County Court in this State to grant an administration thereon.

BURNETT
*vs*
MEADOWS' AD'R.

Under our statutes, the jurisdiction of the County Court in granting administration, is determined by the residence of the intestate, if he have one, if he have none, then by the place of his death, or the county wherein his estate or the greatest part thereof may be.

The right to appoint an adm'r. *de bonis non*, belongs to the County Court of the county which first granted administration, tho there may be some effects in another county, it gives no right to make such appointment.

In this case, the question occurs as to the county where this jurisdiction attaches. As the property was taken, according to its contemplated destination, to the county of Nelson, and kept there for some years, that county is obviously the place where the property should be regarded as having been at the death of the intestate, and the County Court of that county must be considered as having jurisdiction over the subject, in conformity with the adjudged construction of our statute in the foregoing case of *Embry* vs *Miller*, making the language relate to the county where the estate may be at the death of the intestate, and not at the time of the grant of the administration.

The County Court of Nelson did, in the first place, grant administration on this estate. That administrator having removed to the State of Missouri, the defendant in error was appointed administrator *de bonis non*, by the County Court of Washington. This appointment is attempted to be sustained on the ground, that the slave which is the subject of controversy was in the county of Washington when the appointment was made. This jurisdiction of the County Court is local. It confines itself to the county where the property is at the death of the intestate. It cannot be transfered to another county, by the removal of the property. Such a doctrine would lead to the worst results. It might impart jurisdiction to several County Courts, and give rise to the strange anomaly of two or more lawful administrators of the same estate existing at the same time.

It results, therefore, that the County Court of Washington had no power to make the appointment, and consequently that the person so appointed had no right to demand or sue for the property, as was decided by this Court in the case of *Drake's administrator* vs *Vaughn*, (6 *J. J. Marshall*, 143.)

An instruction to this effect was moved for on the part

of the defendant, in the Circuit Court, and was overruled. In this the Court erred.

Wherefore, the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.

*Thurman* for plaintiff; *Booker* for defendant.