JOHN MORRIS, Executor, &c. *v.* MARTHA A. MORRIS.

Proof of a will executed according to the laws of another State, affords no evidence that it was executed according to the ceremonies and solemnities of the law of this State, the place of domicil of the testator; and until such will shall be proven before the proper court in this State, it can have no operation either in changing the destination which the law will give to the property of the deceased, or of defeating the right which the law gives the widow of administering on the estate.

*Sturdivant* v. *Neill,* ante, cited and confirmed as applicable to this case.

*Montgomery* v. *Millikin,* 5 S. & M. 151, cited and explained by the court, and declared not applicable to this case.

IN error from the probate court of Hinds county; Hon. A. L. Dabney, probate judge of Hinds county.

The facts of this case will be found in the opinion of the court.

No counsel for appellant.

*Burwell, Yerger,* and *Rucks,* for appellee.

Mr. Justice FISHER delivered the opinion of the court.

The appellee, Martha A. Morris, as the widow of William Morris, deceased, filed her petition to the June term, 1852, of the probate court of Hinds county, alleging that the grant of letters testamentary to the appellant, as the executor named in the alleged last will and testament of the deceased, was void,

and praying that the same might be repealed and said letters recalled.

The cause came up for hearing at the following August term, upon the petition and answer of the appellant; and the records of the court referred to in the pleadings of the parties, when the following facts were established. William Morris, the deceased, was, at the time of his death, a resident citizen of the city of Jackson in this State. While on a visit to his relatives in the State of New York, in the fall of 1850, he was taken sick and died at the house of the appellant in the town of Frankfort, county of Herkimer, in that State, having first made his last will and testament, and appointed the appellant his executor. This will, as appears by the appellant's answer, was proved before the surrogate of said county, according to the laws of New York. A copy of it was thereupon procured, but not certified according to the act of congress, or the rules of the common law, and exhibited to the probate court of Hinds county, who admitted the said copy to record, and granted letters testamentary thereon to the appellant, he first giving such bond as the court required, and taking the oath prescribed by law.

Upon this state of facts, the court granted the prayer of the petitioner, and revoked the letters testamentary granted to the appellant.

The appellant then produced before the court what he alleged to be the original will of the deceased, and prayed that the court would proceed to take the proof and admit the same to probate. A witness was introduced who testified that he was one of the subscribing witnesses to the will; and then proceeded to state all the facts and circumstances connected with its execution; and so far as the present controversy is concerned, his evidence may be treated as sufficient to establish the instrument as a valid will of the testator's personal estate; and it may also be admitted that the court below might with propriety have so probated the will, but it did not choose, for some reason, to do so, neither did it reject it; but as appears from the record, ordered the " instrument to be received, filed, and continued for further proof." This is not a judgment from which

an appeal can be prosecuted. It is not a judgment for or against the will upon the evidence produced before the court. Until such judgment have been pronounced, this court can take no notice of the proceedings in the court below.

Another error assigned is, that the court erred in appointing the petitioner and Joshua Green administrators *ad colligendum*, upon filing the petition without notice to the appellant, who was then acting as executor under the will. This may have been irregular, but the appellant's right to take advantage of the irregularity must depend upon the fact, whether the order revoking his letters testamentary is correct, for if he is not now executor, he has no right to make the objection, however erroneous the proceeding may have been. We will therefore proceed to consider the order.

This question has just received a careful examination at the hands of this court in the case of *Sturdivant et al.* v. *Neill et al.*, ante. The principles cited in that case must be decisive of the present controversy. The testator in that case was at the time of making his will, and at his death, a citizen of Carroll county, in this State. His will was made in the State of Tennessee, while travelling through that State to the State of North Carolina. He was taken sick and died in Knox county. His will was proved before the county court of that county, and a copy of it duly certified to the probate court of Carroll county, in which it was admitted to record, letters testamentary granted to the executors who administered and finally settled the estate, and were afterwards appointed by the court guardians of the testator's children.

Two of the children, daughters of the testator, having married before arriving at the age of twenty-one years, filed their petition against their guardians, praying that their estate which the guardians held, might be delivered to them, claiming the same as distributees. The guardians set up as a defence to the petitions, that under the provisions of the will, the petitioners, notwithstanding their marriage, were not entitled to the possession of their property till they should attain the age of twenty-one years, and that the guardians were, under the will, entitled to hold and manage the estate till that time. This copy of the

will as proved in Tennessee, and admitted to record in the probate court of Carroll county, was produced in evidence to sustain the answer, and the question was solely whether the will had been legally proved.

Upon this state of facts, we decided that the county court in Tennessee had no jurisdiction of the question, and that the will never having been proved in the probate court of Carroll county, could not be set up to defeat the title which the petitioners took as distributees under the law in the estate.

The same may be said as to the surrogate's judgment in New York. He had no jurisdiction over the subject-matter. Proof of the will according to the laws of New York, affords no evidence that it was executed according to the ceremonies and solemnities of the laws of Mississippi, the place of the alleged testator's domicil. Until it shall be proved before the proper court in this State, it can have no operation either in changing the destination which the law will give to the property of the deceased, or of defeating the right which the law gives the widow of administering on the estate.

It has, however, been argued that the point has been differently adjudicated by this court in the case of *Montgomery et ux. et al.* v. *Millikin et ux. et al.* 5 S. & M. 151. The court merely refer to the opinion of the chancellor as being correct on two points, one of which, upon a casual examination, might appear to be analogous to the question involved in this case. But it will be seen, when carefully considered, that the chancellor rests his opinion upon the construction which he placed upon certain articles in the civil code of Louisiana. The testator was domiciled in that State. His will was made in the State of Kentucky, where it was proved and certified to the proper court in Louisiana. The chancellor said this was right, because, by article 1589 of the civil code, the will was valid if executed according to the laws of the place where it was made. This proves nothing against the general and universal rule which prevails in the absence of local law on the subject, that it is immaterial where a will is made, or where the testator may die; it must conform to the law of the testator's domicil, to be valid. But the law of Louisiana says that it shall be

valid if it conforms to the law of the place where it is made. This only serves to show that the law of Louisiana constitutes one exception to the general rule on the subject.

But it is clear from the whole case, that no question arose making a decision of this court necessary on the statutes of this State. The property administered was in Louisiana. The complainants claimed a legacy under the will, which was to be paid out of the proceeds of the sale of property in that State. Part of the money, it was alleged, had been paid to the defendants in the bill, and it was on this ground that the effort was made to make them liable for the legacy claimed by the complainants.

The only question which was necessary to be decided by the court was, whether the will was valid, and had been so established by the proper court in Louisiana. The judgment of the court in that State would be conclusive on that subject, and was all that our courts would require in regard to the personal estate. The question which was made before the chancellor as to the sale of the lots in Natchez, received no other consideration from this court than to sustain his view of the question, that the sale by the administrator with the will annexed was void.

It will thus be seen that, however broad the language of the opinion may be, it cannot comprehend more than the facts of the case; when this court said that the chancellor's opinion was correct, it meant that it was correct so far as it affected or related to the controversy then before the court.

This authority is not, therefore, opposed to the view which we have taken of the question, and we have only noticed it, because it was pressed upon our consideration by counsel in the argument of the cause.

Upon the whole case, we are of opinion that the decree ought to be affirmed, which leaves the controversy still pending in the court below as to the validity of the will.

Decree affirmed.