## WILLIAM S. TAYLOR, Trustee, *vs.* MARION R. WELSLAGER.

*Admission of Service of Summons by Counsel for Husband in an Action Against Husband and Wife—Striking out Judgment.*

In an action against a husband and wife counsel was employed by the husband, who admitted service of summons for both defendants. The writ was not served on the wife, and she had not authorized her husband to employ counsel for her. *Held*, that since the husband had no authority to employ counsel for his wife, and she had not been summoned, the judgment against her in the action must be stricken out.

Appeal from an order of the Superior Court of Baltimore City (RITCHIE, J.)

The cause was submitted to the Court on briefs by:

*Frederick C. Cook*, for the appellant.

*Robert H. Smith* and *Harry N. Abercrombie*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

There are two appeals in this record. They are both taken from similar orders, passed on the same day and by the same defendant. It was agreed by the parties that only the testimony taken in one case should be included in the record, and be considered in both cases. In one of these

appeals, the case of *Wm. S. Taylor, Trustee,* v. *Marion R. Welslager,* No. 45, Office Docket, decided at this term, *ante* p. 409, the order of the Court below, striking out the judgment, was reversed and the cause remanded. The questions brought up and presented in this appeal are somewhat similar, and were passed on by us in that case. It will not, therefore, be necessary for us to repeat here what we there said. The order of the Court below in this case will have to be affirmed for reasons not applicable to that case. It is admitted and not denied, that the appellee was never actually summoned in the case now under consideration. Mr. Charles Kohlman, the deputy sheriff, to whom the summons was delivered, states in his testimony, that he did not serve the writ of summons, but that the service was admitted by Mr. Weeks, an attorney at law of the Baltimore bar, and the return on the back of the writ, except the sheriff's name, is in his handwriting.

It appears from the testimony of Mr. Weeks, who admitted service on the writ, that he was not employed by Mrs. Welslager, but that he entered his appearance, at the request of the husband, in both cases, thinking that he was authorized to represent his wife and to employ counsel for her. Mrs. Welslager testified that Mr. Weeks' employment by her husband was without her knowledge and consent; that she never employed him as counsel in the case, nor did she authorize her husband to do so.

It is quite clear, then, that as the appellee was not summoned and the attorney was without authority to appear for her, the judgment was manifestly rendered without jurisdiction and is void. The principle, that unless the Court rendering the judgment had jurisdiction both of the cause and of the parties, it will be treated as a nullity, is too well recognized to need the citation of authority to sustain it.

Prior to the Act of 1872 (Code, Art. 45, sec. 2,) a married woman could not be sued on the joint contract of herself and husband in a Court of law. This Act gives her power to make a joint contract and makes her liable thereon,

but it does not clothe the husband with authority to employ counsel to appear and defend on her behalf. On the contrary, it specially provides, that the wife " may employ counsel and defend such action or suit separately or jointly with her husband." She has, under this Act, the power and right to elect how she shall defend and to employ an attorney to appear on her behalf. The admission of service of the summons and the appearance of Mr. Weeks, being without the appellee's authority, did not bind her, and was a nullity.

For the reasons we have stated the judgment in this case was a void judgment and the order of Court striking it out will be affirmed.

*Order affirmed with costs.*

(Decided January 9th, 1900).