# L. & N. R. R. Co. v. Shumaker's Admx.

For former opinion see 53 S. W., page 12. (21 Ky. Law Rep., 1701.)

NON-RESIDENTS—SECTION 4849 KENTUCKY STATUTES CONSTRUED, DEFINING JURISDICTION OF COURTS IN GRANTING LETTERS OF ADMINISTRATION—FORMER OPINION IN THIS CASE (SEE 53 S. W., PAGE 12; 21 KY. LAW REP., PAGE 1701) IS MODIFIED IN SO FAR AS IT CONFLICTS WITH HYATT v. JAMES' ADMINISTRATOR, 8 BUSH, P. 9.

OPINION OF THE COURT BY JUDGE PAYNTER IN RESPONSE TO PETITION FOR REHEARING.

While in Thumb v. Gresham, 2 Metc. 306, the court adjudged that the section (4849, Kentucky Statutes) under consideration referred to residents of the State; still, without making any reference to that case, the court, in Hyatt v. James' Adm'r, 8 Bush, 9, made the section apply to a nonresident of the State. In that case it was a will of a nonresident, and was admitted to probate because he left demands owing him in Jefferson county. In so far as the opinion of the court in this case seems to hold that the section applies only to residents of the State, it is in conflict with Hyatt v. James' Adm'r, and to that extent it is modified. This, however, does not in the least affect the question actually decided that the Boyle County Court had jurisdiction to grant letters of administration to the appellee. Counsel also seems to think that the opinion of the court is in conflict with the case of Tipton v. Tipton, 87 Ky. 243, (8 S. W. 440). That was a suit for divorce, and the question was whether the plaintiff was required to have an actual or legal residence in the State to entitle him to maintain his action. The court, in drawing

the distinction between legal and actual residence, said that every one must have a legal residence somewhere, and the jurisdiction of the probate of wills depends upon the legal residence. The language used was simply in argument, and there is nothing in the opinion which manifested any intention upon the part of the court to construe the section of the statute that we here have under consideration, or to change the previous rulings of the court in construing it. The logical conclusion to be drawn from the argument of counsel for appellant is that the word "residence," as used in section 4849, Kentucky Statutes, means "domicile;" that under the law residents and non-residents have domiciles; that wills can only be proved in the court having jurisdiction to do so in the place of the domicile. If this argument is sound in all respects, the will of one domiciled in another State could not, by virtue of the section, be proved here, and the will of one domiciled in this State, whether his domicile was known or unknown, could only be proved in the county of his domicile. Furthermore, all the section would be meaningless except the first two and a quarter lines, which provide that wills shall be proved before, and admitted to record by, the county court of the county of the testator's residence. It would follow there could be no State of case wherein one domiciled in this State could, under the section as interpreted by counsel, be said to have "no known place of residence in this Commonwealth." Hence, in no case could a "debt or demand" owing to such testator give a county court jurisdiction to probate his will. If there had been omitted from the section all but the following language: "Wills shall be proved before and admitted to record by the county court of the county of the testator's residence," then the argument of counsel would be forceful,

if not conclusive. We can not give to the section a con- construction that would ignore three of the four states of case wherein jurisdiction is granted in the matter of probating wills.