October 28th, 1903.

————————O————————

No. 3218.

(Court of Appeal, Parish of Orleans.)

BODENHEIMER & BRO., Appellants, vs. MARY PLANTING & MANUFACTURING COMPANY LIMITED, Appellee.

1. An exception of no cause of action will not prevail where, under a sufficiency of allegations, damages are claimed for violation of a contract, strictly commercial in character, signed by seller's agent alone, partly executed and in the hands of the buyer.

2. The law does not require the acceptance of such a contract, to be expressed on its face; nor is it essential that the act be signed by the party in whose favor it is made. The acceptance may result from his acts in availing himself of its stipulations or in doing some act which indicates his acceptance. 23 A. 272 Balch vs. Ann Young and authorities there cited. Greenlf Evd. 14. 3 Ed., 268 p. 343.

Judgment reversed and case remanded.

Dufour, J., dissents and files a separate opinion.

Appeal From Twenty-eighth Judicial District Court, Parish of St. Charles.

Clegg & Quintero; J. S. Daspit; Plaintiff and Appellant.

L. H. Marrero, Defendant and Appellee.

BEAUREGARD, J. Plaintiff's appeal from the decree of the Court a qua dismissing their suit on an exception of no cause of action, on the ground that the suit was based on a contract of sale (annexed to the petition) but which was not signed; whereas under the authority of Ferre Canal Company vs Burgin 106 La. 306, it was within the contemplation of the parties that such contract of sale should have borne their signatures.

This is a presumption which does not follow in view of such an exception which assails merely the sufficiency of the allegations of the petition, which, taken as true, show or not a cause of action.

13

Under the authority quoted, the Court, in reviewing our jurisprudence and commenting on the FACTS of each case cited therein, held that the decrees rendered turned on the failure of the parties to mutually sign their respective agreements, because such signatures were within the intendment of the parties.

Under the authority in 23 A. 272 (in which other cases are referred to) the syllabus of this case is to the following effect: "The law does not require that the acceptance of a contract must be expressed on its face, nor is it essential that the act be signed by the party in whose favor it is made. The acceptance may result from his acts in availing himself of the stipulations or in doing some act which indicates his acceptance." Now, turning to plaintiff's petition, its averments are, succinctly stated, that petitioners purchased of the defendant, a limited corporation organized under the laws of Louisiana, through its agent, the Planters Distributing Company, Limited, as per contract, 1200 barrels of molasses at a certain price per gallon; that under the terms of said contract 200 barrels were delivered and paid for; that there followed a breach of said contract by defendant's failure and refusal to deliver the balance which petitioner's, to meet their obligations as to third parties, were compelled to buy elsewhere at an outlay of $1170, which they seek to recover of the defendant corporation by the present suit.

The contract referred to bears the stenciled signature, mark or stamp of defendant's alleged agent: "The Planters Dist. Co., Ltd.," and was in the possession of the parties in whose favor it was made. The power of this agent to bind the defendant corporation may, in the words of the Court in Kellar Prudent vs Lumber Company. 45 A. 478, "make the truth or falsity of that allegation an issue on the merits of the case."

Considering together and the scope of all the allegations of the petition with its annexed document, the opinion prevails that a sufficient cause of action has been presented.

It is therefore adjudged and decreed that the judgment appealed from be avoided and reversed; that the exception of no cause of action be now overruled, and that this case be now remanded to the lower Court to be there proceeded with according to law. Appellee to pay the costs of appeal.

Dufour, J., dissents on the authority of 106 La. 309, Canal Company vs Burgin, the contract declared on being in writing and not signed by both parties.

November 9th, 1903.

Rehearing granted, November 23, 1903.