CASE 56.—PROCEEDINGS FOR THE APPOINTMENT OF AN
ADMINISTRATOR OF THE ESTATE OF AHAB
HAMILTON, DECEASED, AFTER THE SETTING
ASIDE ON APPEAL, THE PROBATE OF THE WILL
OF DECEASED.—April 29, 1909.

# Hamilton, &c. v. Williams, &c.

Appeal from Bracken Circuit Court.

JAMES P. HARBESON, Circuit Judge.

From an order appointing S. W. Bradford administrator, Oliver T. Hamilton, administrator with the will annexed, appeals.—Affirmed.

Executors and Administrators—Appointment of Administrator
with Will Annexed—Revocation.—Where the probate of a
will nominating no executor is set aside on appeal after the
appointment of an administrator with will annexed, the letters of administration to him may be revoked, and an administrator may be appointed, under Ky. St. 1909, Sec. 3897, providing for the appointment of an administrator who will settle
the estate as prescribed by statute.

H. P. WILLIS, W. A. BYRON and LINDSAY & EDELEN for
appellants.

GEO. DONIPHAN and GEO. B. KINNEY for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

On April 26, 1906, one Ahab A. Hamilton died domiciled in Bracken county, Ky. He left a paper purporting to be his last will, which was thereafter probated in the Bracken county court; and appellant was duly appointed administrator of his estate with the will annexed, no executor having been nominated in the will, and he duly qualified as such. Thereafter some of the heirs at law of Ahab A. Hamilton appealed from the order of probate to the Bracken Cir-

cuit Court, and on the trial of the appeal the paper was adjudged not to be the last will of Hamilton. Therefore it was ordered by the circuit court that the county court set aside the order probating the will and appointing appellant Oliver T. Hamilton as administrator with the will annexed. The county court complied with this order. On March 2, 1907, the county court, upon motion of the heirs of Hamilton, appointed S. W. Bradford administrator of the estate. Appellant appealed from the judgment of the county court, removing him as the administrator with the will annexed, to the circuit court. Upon the hearing of the case, that court affirmed the action of the county court, and appellants have appealed from the ruling of the circuit court.

It appears to us that the only question on this appeal is whether appellant or Bradford is legally empowered to settle the estate. of Ahab A. Hamilton, and, unfortunately for appellant, he failed to make Bradford a party to this appeal. But, waiving this question, it appears plainly to us that the administrator with the will annexed occupied the same relation to the estate that an executor named in the will would have occupied had one been named and qualified. The administrator with the will annexed is required to settle the estate in the way and upon the terms prescribed in the will. Where there is no will, the administrator settles the estate as prescribed by the statute. He receives his appointment under Section 3897, Kentucky Statutes, which provides that, if no person applies for administration, the county court may at the second term after the death of a person grant administration to a creditor or any other person whom the court

in its discretion may appoint. All the parties in interest were before the court in the will case, and were before the county court when Bradford was appointed, and all the heirs, except appellant Oliver T. Hamilton, asked for and approved the appointment of Bradford. The question is: Does the defeat of the probate of the will on the appeal authorize the removal of one who had been appointed administrator with the will annexed? We have not been cited to, nor have we been able to find, any decisions in this State directly upon this point, but the queston has been decided in other States. In 2 Am. & Eng. Ency. of Law, p. 819, it is said: "If the will is set aside after an administrator with the will annexed is appointed, his letters may be revoked." See the authorities there cited to sustain the text. In the case of Smith v. Stockridge 39 Md. 640, the court said: "Where a will which has been admitted to probate has been declared void by the Court of Appeals, administration with the will annexed is also void." See, also, the case of Kilton v. Anderson, 18 R. I. 136, 25 Atl. 907, 49 Am. St. Rep. 751.

For these reasons, the judgment of the lower court is affirmed.