## Barrett v. Barrett's Administrator, et al.

(Decided May 10, 1916.)

### Appeal from Simpson Circuit Court.

1. Descent and Distribution—Distribution of Personal Estate—Domicile—Jurisdiction.—If a person dies domiciled in another State, but has personal property in this State, the county court of the county where the property is situated has jurisdiction to grant letters of administration upon his personal estate situated in the State, but after payment of the debts which the decedent owes to creditors in this State, the assets of the estate will be distributed according to the law of the decedent's domicile.

2. Descent and Distribution—Personal Property.—Personal property does not pass to nor vest in the heir of a decedent, but passes to his personal representative provided by law.

3. Descent and Distribution—Suit by Creditor to Recover Personalty.—Neither a creditor nor heir can maintain a suit to recover personal property belonging to the estate of a decedent until demand has been made upon the personal representative to sue and he fails or refuses to do so.

WHITESIDES & HOBDY for appellant.

G. W. ROARK and G. T. FINN for appellees.

OPINION OF THE COURT BY JUDGE HURT.—Affirming.

The appellant, J. R. Barrett, and Maude Gibson were married in Simpson county on the 14th day of October, 1908. The appellant at that time had employment in Nashville, Tennessee, and he and his wife resided there during that year, but in 1909 they returned to Simpson county, as both were born and reared in that county. They resided in Simpson county until in 1911, when the wife became sick from pulmonary tuberculosis, and upon the advice of a physician, they went to Colorado for the benefit of her health. After sojourning at Pueblo in that state for three weeks, they went to Colorado Springs. In the latter part of the year 1911 the appellant returned to Simpson county, where he remained for five months

before returning to Colorado. They remained at Colorado Springs until, according to appellant, in July, 1912, when they went to Albuquerque, New Mexico. Previous to this time, however, the wife had been in Oklahoma and, also, at Portales, New Mexico. The bank pass book, which appellant used while at Colorado Springs, shows checks to have been given by him upon a bank at that place as late as January, 1913, and appellees contend that was the date of the removal of appellant and his wife from that place to Albuquerque. This, however, is unimportant, except as a circumstance touching the issue as to what state the wife was an inhabitant of at the time of her death, which occurred at Albuquerque on November 13th, 1913. After her death, the appellant immediately disposed of any effects he may have had there, and brought the body of his wife to Simpson county where she was buried and where he had continued to reside ever since, without having returned to New Mexico. After her death the appellee, Minor Gibson, was, by an order of the Simpson county court, appointed administrator of her estate and instituted this action in the circuit court to recover from appellant the estate which he alleged amounted to the sum of $3,000.00, and of which the decedent died the owner, and which, as he alleged, the appellant had converted to his own use. The appellant's defense was a traverse of the petition and amended petition, and further, that at the time of the death of his wife she was domiciled in the state of New Mexico, and that under the laws of that state, she having died leaving no children, he was entitled to all of her estate, free from any administration; that she had no property in Simpson county after her death, and for that reason the appointment of an administrator of her estate was void; that he and his wife by agreement placed the moneys, which they had as a common fund, subject to the use of either, and that she used for her comfort during her lifetime more than the amount she put into the fund, and more than she had at the time of her marriage; and further, that if it should be adjudged that she was domiciled in Simpson county at the time of her death, and left any estate, that he was entitled to one-half of the personalty, and judgment should not go against him, for exceeding one-half thereof.

Although the suit was purely one at law and brought as such, the parties, without objection, took their proof

by depositions, and treated the cause as one of equitable cognizance. Though much of the evidence upon either side was incompetent, no objection was made to its introduction by either side, and no exceptions were filed or taken by either party.

The court adjudged that the domicile of decedent was in Simpson county at the time of her death, and that she left estate of the value of $1,500.00, which the appellant had in his possession, and rendered a judgment in favor of her administrator against him for such sum, and being dissatisfied with the judgment, he has appealed and seeks a reversal of the judgment, contending that the court was in error in the determination of all the issues of the case.

The contention that administration ought not to have been granted nor the suit maintained, because the estate did not owe any debts and there were no creditors, is without merit. The decedent had heirs at law, and if she was the owner of any personal estate, a distribution was necessary, and if any debts were owing to the estate or any one had without right converted the assets of the estate to his own use, a suit could not be maintained for the recovery of any debts or demand owing to the estate except by a personal representative, or by a creditor or heir at law, after demand had been made upon the personal representative and he had failed or refused to sue. The personal property of an intestate does not vest in the heir upon the death of the intestate, but it passes to the personal representative provided by law. If there are no debts owing by the intestate, it must necessarily be collected for distribution among the heirs, and if debts are owing to the estate, the heirs can not sue until demand has been made of the personal representative to do so, and he has failed or refused, hence the appointment of a personal representative is a necessity if there is to be a collection and distribution of the assets. Lemore, &c. v. Sebree Coal & Mining Co., 121 Ky. 58; Williams v. Coffman, 101 S. W. 919; Brunk v. Means, 11 B. M. 216; Loyd v. Loyd, 20 R. 47; McChord v. Fisher's Heirs, 13 B. M. 194; Bennett v. Bennett's Admr., 134 Ky. 444.

The right of the county court of Simpson county to appoint an administrator of the decedent's estate did not depend alone upon the fact that such was the county of her residence at the time of death. If her residence

was in New Mexico and she was the owner of personal
property or any demands in Simpson county, the county
court would have jurisdiction to appoint a personal rep-
resentative, but being an intestate, the distribution of
her personal estate, after the payment of any debts she
owed to citizens of this state, would be in accordance
with the laws of New Mexico. Sections 3898, 3899, 3890,
Kentucky Statutes. This suit, however, not being one for
the settlement of her estate, nor the distribution of the
assets, the inquiry, as to whom the assets should be dis-
tributed, was not a subject of inquiry in it, nor a question
for consideration. The laws of New Mexico, however,
providing that personal property of the character owned
by decedent, and belonging to a married woman, who
should die leaving no children, should vest in the husband
without process of administration, it became, in this case,
important to determine the county of her domicile at the
time of her death. The issue was sharply made. The
evidence consisted of many facts and circumstances, and
the court below determined that Simpson county was the
county of her domicile at her death, and that her residing
in New Mexico was temporary and not with the purpose of
changing her residence from Simpson county. We are
unable to say that the court was in error in its conclusion.

Previous to the act of March 15th, 1894, a husband
could, by the mere act of reducing to his possession and
converting to his own use the personal property consti-
tuting the general estate of his wife, thereby make himself
the owner of it, but that act provided that, "marriage
shall give to the husband, during the life of his wife, no
estate or interest in the wife's property, real or personal,
owned at the time or acquired after the marriage. During
the existence of the marriage relation the wife shall hold
and own all her estate to her separate and exclusive use
and free from the debts, liabilities or control of her hus-
band." It is true that this act does not prohibit nor pre-
vent a married woman giving her personal property
to her husband. In the case at bar, there is no evidence
of any declaration or act of the wife which would indi-
cate an intention of giving her personal property to her
husband. The court, from the evidence, arrived at the
conclusion, that there was $1,500.00 of the decedent's
estate, which had not been consumed at the time of her
death, and which appellant had appropriated to his own
use and which the administrator was entitled to recover

from him for distribution among the heirs. The evidence, while not as satisfactory as might be desired, fairly supports the conclusion arrived at by the chancellor.

The appellant contends that the court having determined that the domicile of his wife was in the State of Kentucky, and that he owed her estate the sum of $1,500.00, that under the laws of Kentucky, he, as surviving husband, is entitled to one-half of her personal estate, and therefore the court should have rendered judgment against him for only $750.00. Section 2132, Kentucky Statutes, upon which appellant relies for support of this contention, gives to him one-half of the surplus personalty of decedent's estate. This is the amount which is left for distribution after the payment of all the debts and costs of administration. The suit for the recovery of the judgment against appellant was not a suit in equity for the settlement of the estate of decedent. That is a duty which will yet devolve upon the administrator. The personal representative, when he shall have gathered the assets of the estate into his possession, must distribute same as the law directs, which will insure to appellant one-half of the surplus personalty.

The judgment is therefore affirmed.