## Payne et al. v. Payne et al.

(Decided May 12, 1931.)

ROBERT C. SIMMONS and JOHN C. HERMANN for appellants.

CHARLTON B. THOMPSON and EDWARD M. BALLARD for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

The ultimate question presented by this appeal is the propriety of permitting the probate of a nonresident's will in this state in advance of its probate at the domicile of the decedent. The facts are few and undisputed except as to the matter of decedent's domicile.

Mrs. Anna E. Payne died in 1927 in the state of Tennessee. A paper purporting to be her last will was probated in Hamilton county Ohio, and an administrator with the will annexed was then appointed. She had no real estate, but owned securities and a promissory note aggregating $44,000 in value. The securities were held by a trust company in Covington, Ky., under a trust agreement with Mrs. Payne. The note was in the custody of the same trust company as agent for the owner. The property was surrendered by the trust company to the Ohio administrator. The entire estate was administered in Ohio, with the exception of the note, which is still held by the Ohio representative. Distribution made thus far has been pursuant to the Ohio will, and in accordance with agreements of the parties concerned.

In October, 1928, a holographic will of Mrs. Payne was found in Tennessee. It made a disposition of the estate materially different from that made by the will probated in Ohio. It was executed in Tennessee, and it appears that holographic wills are valid there, although not recognized by the laws of Ohio, unless witnessed in the manner required by the Ohio Statutes. The holographic will dated November 10, 1926, was admitted to probate in the Kenton county court on February 18, 1929. It had not been proven or probated elsewhere. On September 1, 1929, an appeal from the order of probate was filed in the Kenton circuit court. On November 13, 1929, an authenticated copy of the Ohio will dated July 28, 1923, was admitted to record in the Kenton county court. At the time of the trial of the appeal in the circuit court, an amended statement was filed setting forth the facts concerning the recording of a copy of the Ohio will in Kenton county. The circuit court affirmed the action of the county court in probating the holographic will. The propounder seeks to sustain the probate of the holographic will upon the ground that the presence of the note and securities in the hands of the trust company in Kenton county, Ky., at the date of the death of Mrs. Payne, conferred jurisdiction upon the Kenton county court, notwithstanding the fact that the property thereafter was removed to another state. The parties disagree as to the domicile of Mrs. Payne, but agree that she was not domiciled in Kentucky. We need not determine the actual domicile, since the fact that she did not have a domicile in this state is sufficient for present purposes. The appel-

lant contends that the admission to record here of the Ohio will conclusively established decedent's domicile in that state, exhausted the power of the county court in the premises, and precluded further inquiry respecting wills of the same testatrix; and that the will of a nonresident should not, under the facts existing in the present instance, be admitted to probate here in advance of its probate at the domicile of the decedent. If the contention last stated be sustained, it will not be necessary to consider the others.

The questions to be determined concern the power of the county court and the propriety of its exercise under the circumstances confronting it.

Section 1057, Kentucky Statutes, confers upon county courts jurisdiction to probate wills and to appoint personal representatives. The other relevant sections of the statutes are as follows:

Section 4849:

"Wills shall be proved before, and admitted to record by, the county court of the county of the testator's residence; if he had no known place of residence in this Commonwealth, and land is devised, then in the county where the land, or part thereof, lies; if no land is devised, then in the county where he died, or that wherein his estate, or part thereof, shall be, or where there may be any debt or demand owing to him."

Section 4854:

"When a will of a non-resident relative to estate within this Commonwealth has been proved without the same, an authenticated copy and the certificate of probate thereof may be offered for probate in this Commonwealth. When such copy is offered the court to which it is offered shall presume, in the absence of evidence to the contrary, that the will was duly executed and admitted to probate as a will of personalty in the state or country of the testator's domicile, and shall admit such copy to probate as a will of personalty in this Commonwealth. And if it appears from such copy that the will was proved in the foreign court of probate to have been so executed as to be a valid will of lands in this Commonwealth by the law thereof, such copy may be

admitted to probate as a will of real estate." Cf. Northcutt v. Patterson, 233 Ky. 23, 24 S. W. (2d) 902.

It is settled that an administrator may be appointed in the county where any property of the decedent may be found, even though the domicile of the decedent was not in this state [Thumb v. Gresham, 2 Metc. 306; Hyatt v. James' Adm'r, 8 Bush, 9; Louisville & N. R. Co. v. Shumaker's Adm'x, 108 Ky. 263, 56 S. W. 155, 21 Ky. Law Rep. 1701; Louisville & N. R. Co. v. Tansel L. Jones, 215 Ky. 774, 286 S. W. 1071, 53 A. L. R. 1255; Stell v. William's Adm'r, 233 Ky. 441, 26 S. W. (2d) 8]; and the presence of property, or the existence of demands or debts owing to decedent, are to be determined as of the date of the death, and not at any subsequent time [Embry v. Millar, 1 A. K. Marsh. 300, 10 Am. Dec. 732; Drake v. Vaughan, 6 J. J. Marsh. 143; Fletcher v. Sanders, 7 Dana, 345, 32 Am. Dec. 96; Burnett v. Meadows, 7 B. Mon. 277, 46 Am. Dec. 517; Barrett v. Barrett's Adm'r, 170 Ky. 91, 185 S. W. 499. Cf. Compton's Adm'r v. Borderland Coal Co., 179 Ky. 695, 201 S. W. 20, L. R. A. 1918D, 666]; but the administration is ancillary where the decedent was domiciled in a foreign or sister state, and its character, as such, is not affected by the failure to appoint a domiciliary representative [Trotta v. Johnson, 121 Ky. 831, 90 S. W. 540, 28 Ky. Law Rep. 851, 12 Ann. Cas. 222; Stell v. Williams, 233 Ky. 441, 26 S. W. (2d) 8].

The authority of the local administrator is confined to the administration of that portion of the personal estate located within the jurisdiction of his appointment. Baker v. Baker, Eccles & Co., 162 Ky. 683, 173 S. W. 109, L. R. A. 1917C, 171, affirmed by U. S. Supreme Court, 242 U. S. 394, 37 S. Ct. 152, 61 L. Ed. 386; In re Clark's Estate, 148 Cal. 108, 82 P. 760, 1 L. R. A. (N. S.) 996, 113 Am. St. Rep. 197, 7 Ann. Cas. 306.

The principles established concerning the jurisdiction to appoint administrators are applicable to the probate of wills since the statute provides: "When any person shall die intestate, that court shall have jurisdiction to grant administration on his estate that would have had jurisdiction to probate his will, had he made one." Section 3894.

The probate of the will of a nonresident who dies leaving property within this state affects only the prop-

erty within the jurisdiction, and has no effect upon the validity of the will itself beyond the limited purpose of the plenary power possessed by the state repecting property within its domain. Martin v. Stovall, 103 Tenn. 1, 52 S. W. 296, 48 L. R. A. 130; In re Clark's Estate (Clark v. DuBois), 148 Cal. 108, 82 P. 760, 1 L. R. A. (N. S.) 996, 113 Am. St. Rep. 197, 7 Ann. Cas. 306; Baker v. Baker, Eccles & Co., 162 Ky. 683, 173 S. W. 109, L. R. A. 1917C, 171, affirmed 242 U. S. 394, 37 S. Ct. 152, 61 L. Ed. 386; Thormann v. Frame, 176 U. S. 350, 20 S. Ct. 446, 44 L. Ed. 500, affirming 102 Wis. 653, 79 N. W. 39.

It is a universal rule recognized by statute in this state that personal property belonging to a decedent after payment of debts must be distributed in accordance with the laws of the domicile. Sections 3898, 3899, 3900, Ky. Stats.; 18 C. J. p. 809, sec. 8; Barrett v. Barrett's Adm'r, 170 Ky. 91, 185 S. W. 499; Lee v. Belknap, 163 Ky. Stats.; 18 C. J. p. 809, sec. 8; Barrett v. Barrett's 394, 90 N. E. 552; Manuel v. Manuel, 13 Ohio St. 458.

The primary proof of a will and the primary administration of an estate if the owner dies intestate should be at the place where he had his domicile. 40 Cyc. 1237. If he has property in other states or countries, it may be necessary to prove the will, or to take out ancillary administration there, either for the purpose of obtaining and collecting the property, or for the security of local creditors, or for the protection of the rights of the state to receive taxes, or for the security of other local interests, without requiring the property to be followed into distant jurisdictions, where difficulties might be encountered. But such probate of a will, or such administration of an intestate estate, is merely ancillary. It is not for the purpose of establishing general rights of succession whether under a will or otherwise. The validity of wills and the right of succession generally are to be settled by the laws and determined by the courts of the state or country where the deceased person had his domicile. Rackemann v. Taylor, 204 Mass. 394, 90 N. E. 552. In the case of In re Clark's Estate (Clark v. DuBois) 148 Cal. 108, 82 P. 760, 1 L. R. A. (N. S.) 996, 113 Am St. Rep. 197, 7 Ann. Cas. 306, it was held that the original probate of a will of a testator domiciled in California at the time of his death must be had in that state. The courts seem to be unanimous in maintaining the doctrine that the provision made by statute for the recording of

wills admitted to probate in other jurisdictions applies only to testators domiciled at the time of death outside the particular state. When domiciled within the state, primary probate of the will and original administration must be granted there. 40 Cyc. 1245; Wallace v. Wallace, 3 N. J. Eq. 616; Rackemann v. Taylor, 204 Mass. 394, 90 N. E. 552; Morris v. Morris, 27 Miss. 847; Manuel v. Manuel, 13 Ohio St. 458; Stark v. Parker, 56 N. H. 481; Tarbell v. Walton, 71 Vt. 406, 45 A. 478; Scripps v. Wayne Probate Judge, 131 Mich. 265, 90 N. W. 1061, 100 Am. St. Rep. 615.

In Louisville Trust Co. v. Bingham, 178 Ky. 573, 199 S. W. 58, it appears from the statement of the case that the will had been probated in part in Florida, although a portion offered was an original codicil. But no question seems to have been raised respecting that point. On the other hand, while admitting the power of courts foreign to the domicile to probate a will in advance of its probate in the state of the domicile, for the purpose of affecting property located at the place of probate (40 Cyc. 1246), such authority should be assumed only under peculiar circumstances rendering that course necessary for the immediate protection of rights, or the prevention of threatened loss, or the preservation of some interest. It is plainly the duty of a court in the exercise of a sound discretion to decline the probate of a will of a nonresident in advance of its establishment at the domicile, unless the circumstances are such as to demand that course of action in order to avoid loss or to prevent injustice, or to subserve some substantial good. So much is dictated by the principles of comity prevailing among sovereign states. Parsons v. Lyman, 20 N. Y. 103; Smith v. Ins. Co., 14 Allen (Mass.) 336; Davis v. Upson, 230 Ill., 327, 82 N. E. 824; Hyman v. Gaskins, 27 N. C. 267; Stark v. Parker, 56 N. H. 481; Putman v. Pitney, 45 Minn. 242, 47 N. W. 790, 11 L. R. A. 41.

In Rackemann v. Taylor, 204 Mass. 394, 90 N. E. 552, 556, in a similar situation, it was said:

"We think that, upon the facts shown, the probate court should have declined to take jurisdiction of the case, and should have dismissed the petition, without prejudice to the right of persons interested to petition later for the probate of the will, if occasion should arise."

It is admitted that the testatrix was a nonresident of Kentucky. Hence the probate of her will here could affect only the property in this state, and, since no local creditors are concerned, and the securities and notes of the testatrix have been delivered to the Ohio administrator, where presumably they are available to the parties entitled thereto (Parsons v. Lyman, 20 N. Y. 103; Dexter v. Berge, 76 Minn. 216, 78 N. W. 1111), no sufficient reasons appear for the probate of the holographic will here in advance of its probate at the domicile.

In view of the circumstances presented, the court should dismiss the proceeding to probate the will of Mrs. Payne without prejudice to the rights of any person interested, if occasion should arise for a renewal of the application or for other appropriate action.

The reversal of the order of probate will carry with it a termination of the ancillary appointment of administrator with the will annexed. Hamilton v. Williams, 133 Ky. 558, 118 S. W. 358, 21 L. R. A. (N. S.) 975.

The judgment is reversed for proceedings not inconsistent with this opinion.