## McCampbell v. McCampbell et al.

Jan. 27, 1939.

568

R. RUTHENBURG for appellant.

GILBERT BURNETT for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

Appellant, Amos G. McCampbell, Jr., filed his petition in the Jefferson Circuit Court, alleging that he is one of the six children of Amos G. McCampbell, Sr., who died intestate July 25, 1919, and Sally B. McCampbell, who died intestate December 23, 1910. The defend-

ants in the action were his four living brothers and sisters, together with their spouses, and the surviving wife and minor children of a deceased brother, Bryant McCampbell.

In this petition there were joined, mixed, mingled, intertwined and interwoven a number of attempts to state causes of actions against all the defendants jointly and against separate individual defendants. Several months later the plaintiff filed an amended petition which resulted in making confusion worse confounded. A motion to paragraph was made and sustained and in obedience to this ruling of the court the plaintiff filed an amended and substituted petition. This amended and substituted petition contained a preamble which was in effect a brief biographical sketch of plaintiff's life. It is alleged therein that plaintiff was adjudged insane by the Jefferson Circuit Court on May 23, 1901, and remained under this status until April 3, 1936, when he was adjudged to be of sound mind.

A motion was made to strike the amended and substituted petition from the files and this motion was treated by the court as a demurrer. This demurrer was sustained by the court and an order made dismissing the petition. Five days thereafter appellant filed a combined affidavit and motion, by which he sought to have the court to set aside the order dismissing the petition. No amendment was offered at this time or at any other time except those mentioned. The court adhered to the original ruling, overruling the motion to set aside the order and reaffirming the ruling dismissing the petition. Appellant prosecutes this appeal from the judgment of the court dismissing his petition. It becomes necessary therefore to examine each of the eight paragraphs of the substituted petition to ascertain whether or not any one or more of them states a cause of action.

Paragraph I alleges in substance that certain property in Jefferson County, no description being given, was acquired by Amos G. McCampbell, Sr., under a deed by which he was to hold said property in trust for the children of himself and Sally B. McCampbell until the youngest child arrived at 21 years of age, the deed providing that he might sell same during the trust and that the purchaser need not look to a reinvestment of the proceeds. It is alleged that Amos G. McCampbell, Sr.,

conveyed the property to Bryant McCampbell and that thereafter Bryant McCampbell conveyed the property and received therefor in excess of $6,000, this sum being divided among the brothers and sisters named as defendants. It is perfectly apparent that no cause of action is stated in this paragraph against anyone. According to plaintiff's allegation, Amos G. McCampbell, Sr., had a right under the deed to sell and convey and did so and under the allegations of this paragraph Bryant McCampbell, to whom he conveyed, took good title. Plaintiff was not concerned in what disposition Bryant McCampbell made of the purchase money. If plaintiff had any cause of action arising out of this transaction, it was against the trustee and his bondsman and, in any event, different from that he attempted to assert.

Paragraph II alleges that "there was owned by him jointly with his brothers and sisters land in Mercer County as *remaindermen* upon the death of his said mother on December 23, 1910. That said land was in the possession and under the control of his said brothers and sisters from the death of his mother until June 26, 1923." It is then alleged that during such time that plaintiff charges his brothers and sisters were in possession of the land they sold $18,000 worth of tobacco and many other valuable crops therefrom without accounting to plaintiff for his one-sixth part thereof. Here again the plaintiff fails to state a cause of action, in that his allegation is that he and his brothers and sisters owned land *as remaindermen*. This being true, neither plaintiff nor his brothers and sisters were entitled to possession of the land or to rents and profits therefrom. The allegation that they owned the land as *remaindermen* necessarily means that there was an owner of a particular estate and the owner of the particular estate is the only person entitled to rents, issues and profits.

Paragraph III alleges that an aunt bequeathed to plaintiff the sum of $25 and that Bryant McCampbell, the executor of her estate, filed with his settlement as a voucher a receipt for this sum from Francis A. Miller, one of the defendants. Judgment is sought against Miller for this amount. Again it is plainly apparent no cause of action is stated, because there is no allegation that Miller received the money for appellant or at all. The allegation that a receipt from Miller for this sum appears in the executor's settlement is far from being

an allegation of the receipt of the money by Miller. Even if a cause of action were here stated, it was improperly joined in the petition. The attempt was made to state a cause of action against an individual defendant having no connection with any of the causes of action which plaintiff attempted to allege against the joint defendants.

Paragraph IV alleges that Ida B. McCampbell, his father's second wife and executrix of his estate, sold a certificate of membership in the Cotton Exchange of New Orleans for $6,750; that his father had only the legal title to said certificate, the actual ownership thereof being in plaintiff's mother. He further alleges that he is informed and believes that some time later his brothers and sisters collected an additional sum for same, making the total amount received therefor $25,000. It is so apparent that no cause of action is here stated that elaboration is hardly necessary. As to the $6,750, plaintiff's cause of action, if any, was against the named executrix. If his brothers and sisters thereafter managed to secure more money from the purchaser in satisfaction of some claim they might have had, plaintiff is entitled to no part thereof. There is no allegation that any part of said sum was paid to his brothers and sisters for his use and benefit. This paragraph is further fatally defective in that plaintiff only alleges that he is informed and believes that his brothers and sisters collected an additional sum. An allegation of this character on information and belief is not sufficient. It does not permit pleading to an issue. A traverse would simply make an issue as to whether plaintiff was so informed or believed. Newman on Pleading, section 199. Nor can an action of this character be brought by heirs at law or distributees. In the ordinary case, an action for the recovery of personal property left by a decedent or to recover money due the estate must be brought by the personal representative. It is only where the personal representative refuses to institute such an action that it can be brought by a distributee and in such case the personal representative must be made a party defendant and his refusal to institute the action alleged. Bennett v. Bennett's Adm'r, 134 Ky. 444, 120 S. W. 372; Barrett v. Barrett's Adm'r, 170 Ky. 91, 185 S. W. 499.

Paragraph V alleges that Bryant McCampbell, act-

ing as agent for the heirs of Sally B. McCampbell, collected $1,591.88 on a claim and failed to pay plaintiff his part thereof, judgment being sought against the other defendants. If Bryant McCampbell collected this money to which plaintiff was entitled, he alone was liable to plaintiff therefor. There is no allegation that he paid the money to the others or that they or any one of them received plaintiff's share. It is so apparent that no cause of action is stated that no discussion is necessary. Bryant McCampbell is deceased and the necessary allegations do not appear to sustain a cause of action against his widow and minor children.

Paragraph VI alleges that plaintiff's mother and father, either or both of them, as to which plaintiff is not informed, owned large amounts of silverware and household goods, all of which property was taken possession of by his brothers and sisters. Discovery and recovery is sought from them. Here no cause of action was stated, for the reasons set out in considering Paragraph IV. Such right of action as existed, if any, for the recovery of personal property was in the personal representatives of plaintiff's father and mother.

Paragraph VII alleges that plaintiff's mother, at the time of her death, owned lands located in various named counties in Kentucky and Tennessee, and that since the death of his mother his brothers and sisters have been receiving large sums in the way of royalties for the mining of coal upon said lands. Judgment is sought for plaintiff's share of said royalties. Here again it is obvious that no cause of action is stated, as there is no allegation that money was received by plaintiff's brothers and sisters for royalties on his behalf. If plaintiff's mother owned such lands, he had his interest therein unless deprived thereof in some manner by operation of law and is entitled to recover his share of such royalties, if any. His brothers and sisters might well have collected their proportionate share of royalties on lands jointly owned with the plaintiff. He fails to allege the payment of any money to anyone as royalties on such land in his behalf.

Paragraph VIII alleges that the estate of plaintiff's father, who survived his mother, was entitled to one-half of all the personal property belonging to the estate of his mother, but that the settlement of the estate of his father, filed in the Mercer County Court, disclosed no

receipts of any such property or the proceeds thereof. He asked that a proper division of said property or the proceeds thereof be now made to Elizabeth R. Meldahl, administratrix de bonis non of plaintiff's father. No cause of action is stated here for two reasons. In the first place, no allegation is made that Amos G. McCampbell, Sr., did not receive such property from the estate of his wife as he was entitled to, the only allegation being that the settlement of his administrator disclosed no receipts for such property. This allegation amounts to nothing whatever. In the second place, any right of action therefor is in the personal representative of Amos G. McCampbell, Sr., for the same reasons pointed out, and under the same authorities cited, in discussing Paragraph IV. Plaintiff seems to recognize the correctness of this principle in asking that a proper division of said property be now made to the administratrix de bonis non, who is not even a party to this action.

Plaintiff makes the contention that the trial court should not have dismissed his petition without giving him opportunity to amend. However, plaintiff offered no amendment. As heretofore pointed out, he made a motion five days after the dismissal of his petition to set aside the order of dismissal. If at that time, or within any reasonable time, he had offered an amendment setting out one or more good causes of action, it would have been the duty of the trial court to permit him to file it. He chose, however, only to make the motion to set aside the order of dismissal and failed to offer an amendment. We see no merit in this contention.

As no one of the eight paragraphs of the petition stated a cause of action, the trial court committed no error in sustaining a demurrer thereto. Since the record fails to show the offer of an amendment stating a cause of action there was no error in dismissing the petition. The judgment is affirmed.