JUDGE COFER
delivered the opinion of the court.
Jethro Bass, having made and published a last will and testament, died in Stewart County, Tennessee, the place of his residence, prior to September 2, 1850, on which day his will was produced before the county court of that state, and proved and admitted to record, and ~W. C. Jones and Norflett Bass, nominated executors, qualified as such.
The testator directed certain lands owned by him, situ *420 ated in Trigg County in this state, to be sold by his executors.
January 10, 1853, a copy of the will, accompanied by a transcript of the proceedings of the probate court in Tennessee, was produced in the Trigg County Court, and the will was there admitted to probate, and W. C. Jones, one of the executors, qualified as such in that court, and sold the land as directed in the will.
The appellant having subsequently gotten into possession of the land, this suit was brought by the heirs of a remote vendee of the executor to recover possession.
On the trial a copy of the will, certified by the clerk of the Trigg County Court, was permitted to be read in evidence, notwithstanding the objections of the appellant, and judgment of eviction having been rendered against him, he prosecutes this appeal.
Section 31 of chapter 106 of the Revised Statutes, in force when the will was admitted to record in Trigg County, reads as follows:
“ When a will of a non-resident of this state, relative to estate within this state, has been proved without the same, an authenticated copy thereof, and the certificate of probate thereof, may be offered for probate in this state. When such copy is so offered, the court to which it is offered shall presume, in the absence of evidence to the contrary, that the will was duly executed and admitted to probate as a will of personalty in the state or county of the testator’s domicil, and shall admit such copy to probate as a will of personalty in this state. And if it appears from such copy that the will was proved in the foreign court of - probate to have been so executed as to be a valid will of lands in this state, by the law thereof, such copy may be admitted to probate as a will of real estate.”
The simple judgment or order of a foreign court of pro *421 bate admitting a will to probate is sufficient to authorize an authenticated copy of such will to be admitted to record in this state as a will of personalty. The evidence upon which such judgment or order was based need not appear. In the absence of evidence to the contrary, our courts of probate must presume that the evidence before the foreign court was sufficient.
But, in order to entitle the will to probate here as a will of real estate, it must appear from the foreign transcript not only that the will was admitted to probate in the foreign court, but that the evidence heard there was such that if it were introduced here it would authorize the probating of the will under our laws.
In other words, the effect of the latter clause of the section supra was to authorize the evidence introduced before the foreign court to prove the will, so far as it may appear in the foreign transcript, to be read as if it had been taken in a proceeding here to probate the will, and the evidence required by our statute can not be supplied by any presumption arising from the judgment of probate rendered by the foreign court, nor can the evidence as it appears be strengthened by such judgment. In determining the question whether the will shall be probated as a will of real estate, the foreign judgment must be left entirely out of view.
A proceeding to probate a will is not such as falls within the provisions of section 1 of article 6. of the constitution of the United States, that “ full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state.”
Each state may regulate, for itself, the manner in which real estate within its limits shall be conveyed and transmitted, and foreign wills are admitted to probate by comity, and not of right, and the sufficiency of the evidence to authorize a foreign will to be probated is to be determined here without regard to what was decided by the Tennessee court.
*422 The only statement of the evidence adduced before the probate court in Tennessee is as follows:
“ Be it remembered that heretofore, to wit, at a county court begun and held for the county of Stewart and state of Tennessee, on Monday, the 2d day of September, 1850, at the courthouse in the town of Dover, present the worshipful James Wofford, Thos. H. Stewart, and E. J. Garnett, esquires, court having been opened by proclamation, the following proceedings were had, which is in the words and figures following, to wit: A paper writing purporting to be the last will and testament of Jethro Bass, deceased, was presented in open court and the execution thereof duly proven by the oath of Daniel Vinson, one of the subscribing witnesses thereto; and the said Daniel Vinson also testified that he was personally acquainted with L. M. Manning, in his lifetime, the other subscribing witness to the said will, and that he signed the same in his purson (presence), and the same is his, the said Manning’s, proper signature, and the same is ordered to be recorded.”
The statute of this state in force when the will was offered for probate here (section 5, chapter 106, Revised Statutes) provided that “ No will shall be valid unless it is in writing, with the name of the testator subscribed thereto by himself, or by some other person in his presence and by his direction; and, moreover, if not wholly written by the testator, the subscription shall be made or the will acknowledged by him in the presence of at least two creditable witnesses, who shall subscribe the will with their names in the presence of the testator.”
The evidence we have already quoted does not show that the name of the testator was subscribed to the will by himself, or by another by his direction, in the presence of the subscribing witnesses, or that he acknowledged the will in their presence, or that they subscribed it in his presence. This evidence *423 was therefore clearly insufficient to authorize the Trigg County Court to probate the will as a will of real estate.
But counsel contend that as the Tennessee record shows that the execution of the will was “ duly proven by the oath of Daniel Vinson,” that is sufficient. In this we do not concur.
As already intimated, the question here was not. what the court in Tennessee had decided, but whether the evidence, as spread upon its record and certified in the transcript offered in evidence on the motion to probate the will in this state, was sufficient, unaided by inference from what the foreign court decided, to establish the will according to the laws of Kentucky.
But giving to the recital that “the execution of the will was duly proven ” its utmost effect, it can not amount to any thing more .than evidence that the will was executed according to the laws of Tennessee, and as we do not judicially know what those laws are or were, the recital does not even conduce to prove that the will was subscribed or acknowledged by the testator in the presence of the subscribing witnesses or that they attested it in his presence.
But notwithstanding the defect in the proof, the County Court of Trigg County admitted the will to probate, and section 29 of chapter 106, Revised Statutes, provided that “ No will shall be received in evidence until it has been allowed and admitted to record by a county court, and its probate before such court shall be conclusive until the same is superseded, reversed, or annulled.”
Did that section apply to a foreign will probated here under section 31 supra f
There is no difference as to domestic wills, whether they are wills of personalty, or of realty, or of both. The same formalities are required as to all, except nuncupative wills, and when a domestic will has been admitted to record it is *424 effectual for all purposes, and its probate is conclusive until superseded, reversed, or annulled.
But when a foreign will is presented it may be admitted to probate as a will of personalty, or as a will ,of realty, or as a will of both; and tbe statute would seem to require that tbe order of probate should show whether it was admitted as a will-of personalty or of realty also, and when the order does so show it will probably be conclusive. When, however, the order fails to show that it was probated as a will of realty, as is the case here, the order of probate will not be conclusive of the question, for to so hold might be contrary to what the county court intended, and when the evidence on which the court acted only authorized the probate of the will as a will of personalty, we ought to presume, in.the absence of any thing in the county court record showing a contrary intention, that it was only intended to admit it as a will of personalty.
We are therefore of the opinion that the court erred in admitting the will in evidence as a muniment of title.
This renders it unnecessary to consider other questions presented by the record. ,
Judgment reversed, and* cause remanded for a new trial upon principles not inconsistent with this opinion.