CASE 56—PETITION ORDINARY—OCTOBER 28.

# Dupoyster v. Gagani.

### APPEAL FROM BALLARD CIRCUIT COURT.

1. WHERE OUR PROBATE COURT ADMITS TO PROBATE A COPY OF A WILL WHICH HAS BEEN PROBATED IN A FOREIGN COURT, without defining whether it is admitted as a will of realty or of personalty, the presumption is that the copy was admitted to probate as a will of both real and personal estate, if the evidence contained in the transcript of the proceedings and judgment of the foreign court was sufficient to authorize the probate of the original will under our laws; otherwise, the presumption is that the copy was admitted by our court of probate as a will of personalty only, the court having no authority in such a case to admit it as a will of realty.

   In this case, the presumption is that the copy was admitted by the Kentucky probate court as a will of both realty and personalty, the evidence of two witnesses contained in the transcript of the proceedings of the foreign court of probate showing conclusively that the will was wholly written in the handwriting of the testator.

2. A HOLOGRAPHIC WILL could be admitted to probate under the Revised Statutes upon the proof of only one witness that it was in the handwriting of the testator.

3. To AUTHORIZE THE PROOF BY THIRD PERSONS OF THE DECLARATIONS OF OTHERS AS TO THE RELATIONSHIP of a certain person to another, it must appear that the declarant is dead, and that he was related to the person in question by blood or marriage; and any person who heard such declarations, whether related or not, may prove them, if otherwise competent as a witness. If, however, the relationship is attempted to be proved by general repute in the family, and not by the declarations of its deceased members, the proof can be made alone by the surviving members of the family.

   In this contest between appellant and appellee, it being a question in issue whether appellee was a certain person named as devisee in a will, the declaration of the other devisees in the will that appellee was the person named was mere hearsay and incompetent, the contest not being between appellee and the other devisees.

J. M. BIGGER FOR APPELLANT.

1. The record of the Louisiana court probating the will never was authenticated in such manner as to make it evidence in any court in this State. The attestation of the clerk is without a seal, which is fatal. (Gen. Stats., chap. 37, sec. 12, pages 411 and 412.)

Dupoyster v. Gagani.

2. Where a copy of a foreign will is probated in this State, it must be held as a will of personalty only, unless the order of probate shows that it was admitted as a will of realty. (Rev. Stats., vol. 2, chap. 106, secs. 31 and 32, p. 467; Gen. Stats., chap. 113, secs. 30 and 31, pages 838 and 839; Williams v. Jones, &c., 14 Bush, 424.)

3. It was error to permit a witness to prove the indentity of devisees whom he did not know and had never seen. While heirship may be proved by reputation, the identity of devisees can not be proved in that way.

J. D. WHITE of counsel on same side.

J. M. NICHOLS for appellee.

1. The judgment of the county court probating a copy of a foreign will in general terms is sufficient to make it a will of lands, and it should be so held, unless it be made to appear that the will was not proved before the county court to have been so executed as to be a valid will of realty. (Rev. Stats., chap. 106, secs. 8, 28 and 31; Williams v. Jones, 14 Bush, 424; Stevenson v. Huddleson, 13 B. M., 306.)

2. It was competent to prove that appellee was the person named in the testator's will as Mary A. Henderson, by showing that she claimed to be, and was so recognized by other devisees, and those who knew her.

3. A bill of evidence, not identified by or made part of the bill of exceptions, can not be considered. (McAllister v. C. M. Life Ins. Co., 78 Ky., 536.)

4. The appellant must show affirmatively that the court erred; otherwise, the judgment will be affirmed. (Huffaker v. National Bank of Monticello, 13 Bush, 647.)

5. As it is not assigned as a ground for a new trial that the recovery was for too much, any objection to the judgment on that ground must be regarded as waived. (McLain v. Dibble, &c., 13 Bush, 298; Commonwealth for use &c. v. Williams, 14 Bush, 299.)

JUDGE BENNETT delivered the opinion of the court.

The appellee brought an action of ejectment against the appellant, in the Ballard Common Pleas Court, to recover the possession of a tract of land, to which she claims title as one of the devisees of Baker Woodruff, to whom said land was granted by the Commonwealth of Kentucky; and which land was, by a deed of partition between her and S. Badger and others, as her co-devisees under said will, set apart to her.

On behalf of the appellee, the patent from the Commonwealth to Baker Woodruff, the copy of his will, together with the several certificates of the probate thereof, and the deed of partition, were read to the jury.    Appellant did not object to the reading of the patent and deed of partition, but did object to the reading of the copy of the will to the jury, which objection was overruled by the court, and the appellant excepted.

After the appellee closed her evidence, the court instructed the jury, in substance, to find for her.  To the giving of the instruction the appellant excepted.   The jury having found for the appellee, the appellant moved for a new trial upon the grounds, first, that the court erred in permitting the copy of the will to be read to the jury; and, second, in permitting incompetent evidence to go to the jury; and, third, in instructing the jury to find for the appellee.

It appears, from the record before us, that Baker Woodruff, in the spring of 1857, died in the parish of St. Bernard, State of Louisiana, leaving a holographic last will and testament, which was duly probated in the district court of the St. Bernard parish, upon the proof of Thomas King and E. L. Lunisco, that they were well acquainted with the handwriting of Baker Woodruff, from having frequently seen him write and sign his name in his lifetime, and that said paper, offered as his last will, was wholly in his handwriting.

On the 7th of March, 1860, a copy of said will, accompanied by a full transcript of the proceedings of the St. Bernard District Court, showing the foregoing facts,

was produced in the Ballard County Court, and the will was there admitted to probate. To the transcript was attached the certificate of the clerk of the St. Bernard District Court, in due form; also the certificate of the judge of said court that the clerk's certificate was in due form, etc.

Section 31 of chapter 106 of the Revised Statutes, in force when the will was admitted to probate in Ballard county, reads as follows:

"When a will of a non-resident of this State, relative to estate within this State, has been proved without the same, an authenticated copy thereof, and the certificate of probate thereof, may be offered for probate in this State. When such copy is so offered, the court to which it is offered shall presume, in the absence of evidence to the contrary, that the will was duly executed and admitted to probate as a will of personalty, in the State or county of the testator's domicile, and shall admit such copy to probate as a will of personalty in this State; and if it appears from such copy that the will was proved in the foreign court of probate to have been so executed as to be a valid will of lands in this State, by the laws thereof, such copy may be admitted to probate as a will of real estate."

Under the statute, *supra*, the simple judgment and order of a foreign court of probate admitting a will to probate is sufficient to authorize an authenticated copy of such will, accompanied with the certificate of probate, to be admitted to probate in this State as a will of personalty. The evidence upon which such will was probated in the foreign court need not appear. If the record and judgment of the foreign court of probate

admitting such will to probate fail to show evidence to the contrary, our courts of probate must presume that the evidence before the foreign court of probate was sufficient, and admit the authenticated copy of such will to probate as a will of personalty.

On the other hand, in order to entitle an authenticated copy of such will to be admitted to probate here as a will of real estate, it must appear, from the transcript of the proceedings and judgment of the foreign court of probate, not only that said will was admitted to probate in the said court, but that the evidence heard there was sufficient to authorize our courts of probate to admit such will to record, had the same been offered for probate originally in our courts of probate.    When the evidence contained in the transcript of the proceedings and judgment of the foreign court of probate is shown to be sufficient to authorize the probate court of this State to probate said authenticated copy as a will, as though the will itself had been offered for probate, without reference to the simple judgment of the foreign court of probate, then said court may admit such copy as a will of real estate.    So when such authenticated copy of a foreign will is presented to a probate court of this State for probation, it may be admitted to probate, according to the facts appearing in the transcript, as a will of personalty or as a will of realty, or as a will of both ; and when the order thus admitting the copy to probate as a will does so show, it will probably be conclusive until superseded, reversed or annulled.

Also, the order of the court may admit such copy to probate as a will, in general terms, without defining whether it was admitted as a will of realty or of per-

sonalty. Such was the order of the county court of Ballard in the case before us. When the copy of such will is thus admitted to probate as a will in the absence of evidence contained in the certified transcript of the proceedings and judgment of the foreign court of probate sufficient to authorize the probate of the original will here under our laws, the presumption is that it, the authenticated copy, was admitted by our courts of probate as a will of personalty only.

On the other hand, if the evidence contained in the transcript of the proceedings and judgment of the foreign court of probate was sufficient to authorize the probate of the original will here under our laws, then the presumption is that such copy was admitted to probate by our courts as a will of both real and personal estate.

Here, the evidence of two witnesses contained in the transcript of the proceedings and judgment of the foreign court of probate shows conclusively that the will was wholly written in the handwriting of Baker Woodruff, the testator, which was sufficient to admit said will to probate under our laws. Indeed, under section 5, chapter 106, of the Revised Statutes, in force at the time said copy was admitted to probate by the Ballard County Court, a holographic will might be admitted to probate by the proof of only one witness. Besides, this court so held in the case of Baker v. Dobyns, &c., 4 Dana, 221.

We conclude, therefore, that the court below did right in overruling the objection of appellant to the reading of the copy of said will to the jury as evidence.

The appellee undertook, in the court below, to prove her identity as the Mrs. Henderson named in the will of Baker Woodruff, now Mrs. Gagani, by N. T. Moss, who swore that he had known George S. Badger and his wife, Jane T. Chitwood and Mary A. Gagani, for about fifteen years, and that, from the family history derived from these parties, he knew that Mrs. Henderson, named in the will of Baker Woodruff, was the Mrs. Gagani, the appellee.

Mr. Greenleaf, in the 1st volume, section 103, of his work on Evidence, says:

"But the rule is now settled, that the law resorts to hearsay evidence in cases of pedigree, upon the ground of the interest of the declarants in the person from whom the descent is made out, and their subsequent interest in knowing the connections of the family. The rule of admission is, therefore, restricted to the declarations of deceased persons who were related by blood or marriage to the person, and, therefore, interested in the succession in question; and general repute in the family, proved by a surviving member of it, has been considered as falling within the rule."

It is only in the instance that the declarant is dead, and was related to the person in question by blood or marriage, that his declarations as to the relationship, and the degree of it, of such person can be proved by third persons; and any person, whether related or not, if otherwise competent as a witness, who heard such declarations, may prove them. If, however, such relationship is attempted to be proved by the general repute in the family, and not by the declarations of its deceased members, then the proof must be confined

to the surviving members of it. If the declarant is not dead, then it is not competent to prove his declarations, because he can himself testify to the fact, which is the best testimony.

The record does not show that these declarants were dead, nor that they were related to the appellee by blood or marriage, nor that they were related to the devisor. They were all, as far as the record shows, competent to swear to the fact in question, and if their evidence was desired, they should have been introduced as witnesses, in person or by depositions. Besides, the appellee was herself a competent witness to prove the fact; she was not introduced at all.

In this contest between appellant and appellee, wherein it was denied that the appellee was the devisee under the will of Baker Woodruff, the fact attempted to be established by the witness was that he heard these persons, who claimed to be devisees under said will, say that appellee was the person named as one of the devisees in said will. The evidence was clearly incompetent.

Had the contest been between the appellee and those persons as to whether she was the person named in said will as one of the devisees, then she could have introduced their declarations of the fact as original evidence against them. But to allow such declarations to go to the jury to establish that fact, in a contest between her and a third person, clearly violates all the rules of evidence.

For the foregoing error, the case is reversed and remanded, with directions to grant a new trial, and for other proceedings consistent with this opinion.