## Houser v. Paducah Lands Company.

(Decided February 3, 1914.)

## Appeal from McCracken Circuit Court.

1. Wills—Order of Probate—Collateral Attack.—A judgment of a county court admitting either a foreign or domestic will for probate cannot be attacked in a collateral action or proceeding.
2. Wills—Non-resident—When Valid as to Real Estate.—Where the will of a non-resident is admitted to probate in this State, and the copy and the certificate of probate show that the will was proven in a foreign court of probate to have been wholly written by testator, it is a valid will of lands in this State. ·
3. Judgment—Collateral Attack.—Since the code does not prohibit a sale of lands jointly owned on the ground of indivisibility, as provided by section 490, if forbidden by the deed, will or contract under which the land is held, a circuit court having jurisdiction of the subject matter and the parties has the power to determine whether or not a will forbids the sale of the land, and its judgment, even if incorrect, is merely erroneous and not void, and cannot be collaterally attacked.

E. H. PURYEAR for appellant.

J. D. MOCQUOT for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On September 5, 1910, Henry Abraham, a resident of New Orleans, Louisiana, died testate. His will was probated by the proper court in the Parish of New Orleans. Thereafter an authenticated copy of his will was probated in the McCracken County Court. The testator's wife died before he did. He left surviving him five children and two grandchildren, the children of his deceased son, Jacob Abraham. The Columbia Trust Company qualified as guardian of the two grandchildren.

After making certain specific bequests and devises, the will provides:

"The remainder of my property is to be divided between my children as provided for the laws of Louisiana. I desire that my estate shall be held in indivision by my heirs for a period permitted by law not less than five years, should any of my sons-in-law be indebted to me same to be deducted of their wife's share.

"The remainder of my property is to be divided between my children as provided for by laws of Louisiana, I being satisfied that my children should have equal shares.

Divide the linens and silverware all others such as china-
ware furniture books etc. I being satisfied that my chil-
dren should have equal shares as they have all been duti-
ful and loving children to me and are all equally dear to
me. I would suggest that after my death and payment
of all my debts my children form a limited stock com-
pany of the real estate and movable property such as
bonds and stock in my succession recommending espec-
ially that in the act of incorporation provision be made
that no sale and transfer of stock or bonds be made un-
less such stock shall have been first offered at the same
valuation to the original stockholders, I name and ap-
point my sons-in-law Myer Lemann and Simon Stein-
hardt to be joint executor of this will with seizin of my
estate without bond and without any commission for
their services. I appoint my son Morris Abraham and
Jos. H. Abraham joint executors to assist Myer Lemann
and Simon Steinhardt in this will.

"I revoke all other wills. This will is entirely dated
written and signed by me."

At the time of his death the testator owned certain
real estate in Paducah, Kentucky. On January 12, 1911,
the testator's children brought an action under section
490, Civil Code, against his grandchildren and their
guardian, to sell the Paducah real estate on the ground
that it could not be divided without materially impairing
its value or the value of plaintiffs' interest therein.
Proof of indivisibility was taken by deposition, and on
final hearing the real estate was ordered sold. The Pa-
ducah Lands Company became the purchaser.

On June 27, 1911, the Paducah Lands Company sold
and conveyed to Henry Houser a portion of the land pur-
chased by it. As a part of the consideration therefor,
Henry Houser executed to it two notes, one for $1,000,
payable eight months from date, the other for $1,500, pay-
able twelve months from date. To secure the payment
of these notes, a vendor's lien was retained on the land
conveyed.

This action was brought by the Paducah Lands Com-
pany against defendant, Henry Houser, to recover on
the notes and to enforce its vendor's lien. Houser de-
fended on the ground that the title conveyed to him was
defective. The chancellor held this defense unavailing,
and gave judgment in favor of plaintiffs. Houser ap-
peals.

Sections 4854, 4828 and 1635, Kentucky Statutes, are as follows:

"4854. When a will of a non-resident relative to estate within this Commonwealth has been proved without the same, an authenticated copy and the certificate of probate thereof may be offered for probate in this Commonwealth. When such copy is offered the court to which it is offered shall presume, in the absence of evidence to the contrary, that the will was duly executed and admitted to probate as a will of personalty in the State or county of the testator's domicile, and shall admit such copy to probate as a will of personalty in this Commonwealth. And if it appears from such copy that the will was proved in the foreign court of probate to have been so executed as to be a valid will of lands in this Commonwealth by the law thereof, such copy may be admitted to probate as a will of real estate."

"4828. No will shall be valid unless it is in writing, with the name of the testator subscribed thereto by himself, or by some other person in his presence and by his direction; and, moreover, if not wholly written by the testator, the subscription shall be made or the will acknowledged by him in the presence of at least two credible witnesses, who shall subscribe the will with their names in the presence of the testator."

"1635. The records and judicial proceedings of any court of any State, attested by the clerk thereof, with the seal of the court annexed, if there be a seal, and certified by the judge, chief justice or presiding magistrate of the court, to be attested in due form, shall have such faith and credit given to them in this State as they would have at the place whence the said records come. The records and judicial proceedings of any court of the United States, attested by the clerk thereof, with the seal of the court annexed, if there be a seal, shall have such faith and credit given to them in this Commonwealth as they would have in the courts of the United States."

For defendant it is insisted that section 4854, *supra,* providing that the will of a non-resident relative to estate within this Commonwealth, which has been proved without this Commonwealth, may be probated on the filing of an authenticated copy and the certificate of probate thereof, must be read in connection with section 1635, requiring the record of courts of other States and of the United States to be attested by the clerk and certified

by the judge thereof, with the seal of the court annexed, and as the seal of the probate court of Louisiana was not annexed to the copy or the certificate of probate of the will in question, the McCracken County Court had no jurisdiction to admit the copy to probate. In response to this contention it is sufficient to say that the court of McCracken County has jurisdiction in probate matters. It had the power to pass on the question whether or not the authenticated copy of the will in question and the certificate of probate were in due form. If it erred, its decision was merely erroneous and not void, and it has been conclusively settled by this court that the judgment of a county court admitting a will to probate cannot be attacked in a collateral action or proceeding, and this is true of foreign as well as domestic wills. Morris, &c. v. Fletcher, 119 Ky., 488; Whalen v. Nisbet, 95 Ky., 464, 26 S. W., 188; section 4852, Kentucky Statutes.

But it is insisted that the will in question is not valid in this State as a will of lands, because the copy fails to show that the will was proven in the probate court of Louisiana to have been executed in conformity with section 4828, *supra.* The certificate of probate, however, shows that the will was proven in the probate court of Louisiana to have been written wholly by the testator. That being true, it is a valid will of lands in this Commonwealth. Section 4828, Kentucky Statutes, *supra.*

It is further contended that the judgment of sale in the proceedings above referred to is void because the testator directed that the property should be held in indivision for a period of not less than five years, and the sale was made before the expiration of that period. Though we deem it unnecessary for the purpose of this case to enter into a discussion of the proper interpretation of the will, it will be observed that the testator after directing that the property be held in indivision for a period of not less than five years, suggested that a corporation be formed and that the land be sold to the corporation. Section 490, Civil Code, provides that a vested estate in real property jointly owned by two or more persons may be sold by order of a court of equity in an action brought by either of them, though the plaintiff or defendant be of unsound mind or an infant (1) if the share of each owner be less than $100, or (2) if the estate be in possession and the property can not be divided without materially impairing its value, or the value of

the plaintiff's interest therein. Section 492, Civil Code, provides that in the actions mentioned in subsections 3, 4 and 5 of section 489 and in section 491, no sale shall be ordered if forbidden by the deed, will or contract under which the property is held. It has been held in a number of cases that subsection 1 of section 492 does not apply to actions brought pursuant to section 490 to sell property jointly owned on the ground of indivisibility. Kean v. Tilford, &c., 81 Ky., 600; Warfield v. English, 11 Ky. L. Rep., 263, 11 S. W., 662; though it has been held on a direct appeal that a judgment of sale under section 490 is erroneous if made contrary to the provisions of the will. Young v. Young, 20 Ky. L. Rep., 1741, 49 S. W., 1074. There being no provision of the code prohibiting sales under section 490 if forbidden by the will, deed, or contract under which the land is held, and as the court in the proceedings referred to had jurisdiction of the subject matter and of the parties, it had the power to determine whether or not the will in question prohibited a sale of the property at the time it was made. If it erred in deciding this question, its judgment was not void, but merely erroneous. The judgment not being void, it cannot be collaterally attacked.

Judgment affirmed.