## Northcutt v. Patterson.

(Decided February 11, 1930.)

24

R. S. CRAWFORD for appellant.

J. NATHAN ELLIOTT and J. KEENE DAINGERFIELD for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This was a proceeding to probate the will of a nonresident, so as to affect the title to real property in this state. Martha H. Patterson departed this life, domiciled in Morrow county, Ohio. Her will was admitted to probate in that county. A transcript of the proceedings, including the evidence heard was filed in this state in the Fayette county court. Other evidence was produced, showing that the will was wholly in the handwriting of the testatrix, and that it had been attested by two witnesses, in whose presence it had been acknowledged. An appeal was prosecuted to the Fayette circuit court, where the judgment of the county court was sustained. The present appeal is from the judgment of the circuit court.

It is contended for the appellant (1) that a will may be established only by the testimony of the attesting witnesses, if living, and that all other evidence is incompetent; (2) that a will must have an attesting clause, signed by the subscribing witnesses, certifying in substance that

the will was signed by the testator in the presence of the two witnesses, and that they signed as witnesses in the presence of the testator or testatrix, and also in the presence of each other; (3) that it is necessary to the due execution of a will in Kentucky that it should be signed by the testatrix in the presence of two witnesses, and that it should be acknowledged in the same way, and further that the witnesses must both sign the will upon the same occasion, and certify to the signing and acknowledgment thereof by the testator or testatrix; (4) that the law of Ohio conferring power on married women to make wills does not appear in the record, leaving in effect the presumption that the common law prevails, under which a married woman is incapable of making a will. We shall dispose of these various contentions in the course of the opinion.

It is not questioned that Mrs. Patterson was a resident of Morrow county, Ohio, or that her will was properly probated in that state. Under section 4854, Kentucky Statutes, the will of a nonresident which has been probated in the state of the domicile may be probated in this commonwealth, by producing an authenticated copy of the will and the order of probate. In so far as it constitutes a will of personalty in this commonwealth, the order of probate in the sister state or foreign country is accepted. The statute creates a presumption that the will was duly executed and admitted to probate; but that presumption may be overcome by proof to the contrary. In order that a will may be probated in this state, so as to affect the devolution of the title to land, it must further appear from the authenticated copy of the will, or the proof offered, or the judgment rendered, that proof was adduced in the foreign court of probate showing execution of the will in such manner as to be a valid will of lands in this commonwealth and by the laws thereof. It is apparent that a will executed in a foreign state or country may be admitted to probate here, if the proof in the record shows that it was a holographic will. Houser v. Paducah Lands Co., 157 Ky. 252, 162 S. W. 1113; Dupoyster v. Gagani, 84 Ky. 403, 1 S. W. 652, 8 Ky. Law Rep. 392. If the transcript shows that the will was signed by the testator in the presence of two witnesses, it is likewise sufficient to admit it to probate here. Williams v. Jones, 14 Bush, 418. If the transcript shows

that the will was acknowledged in the presence of two witnesses, it satisfies the demands of our law.

Our statute requires simply that a will executed in a foreign state or country, in order to be valid as affecting land titles in this state, must have been executed in the manner required by the Kentucky Statutes to be valid here. The Kentucky act requires that wills must be in writing, with the name of the testator subscribed thereto by himself or by some other person in his presence and by his direction. It further provides that, if not wholly written by the testator, the subscription shall be made, *or* the will acknowledged by him, in the presence of at least two credible witnesses, who shall subscribe the will with their names in the presence of the testator. Section 4828, Ky. St. It will be observed that the statute does not require an attesting clause, or any particular form of writing. If wholly in the testator's writing, no witnesses are required; but, if not holographic, then two witnesses are required, either to the signing or to the acknowledgment of the will, and they must subscribe their names thereto in the presence of the testator. It is not required that the witnesses should sign it in the presence of each other. Furthermore, even though the testator does not sign the will in the presence of the witnesses, he may acknowledge to the witnesses that it is his will, and thus comply with the requirements of the statute. Reed v. Hendrix's Ex'r, 180 Ky. 57, 201 S. W. 482, L. R. A. 1918E, 423; Lucas v. Brown, 187 Ky. 502, 219 S. W. 796; Limbach v. Bolin, 169 Ky. 204, 183 S. W. 495, L. R. A. 1916D, 1059; Robertson et al. v. Robertson, 232 Ky. 572, 24 S. W. (2d) 282, decided January 28, 1930.

It is not material to inquire respecting the laws of Ohio. A stipulation in the record shows that a will may be probated in Ohio, if it is executed in the presence of two or more witnesses; but holographic wills are not allowed. The transcript of the Ohio judgment sufficiently manifests the action of the probate court, and its judgments are entitled to full faith and credit here. The record exhibits an exact compliance with the law of this state, which is all that concerns our courts. The will could have been probated here, either as a holographic will or as one executed or acknowledged in the presence of two witnesses. The transcript produced proved all

that was required by the laws of this state, but the parties went further and proved again the essential facts. They made assurance doubly sure. The circuit court did not err in upholding the judgment of the county court.

The judgment is affirmed.