## Gourley et al. v. Miller et al.

June 11, 1946.

Rehearing denied October 4, 1946.

H. D. Parrish for appellants.

E. B. Rose for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

On May 9, 1918, Chester Gourley, an attorney at law, then a resident of Kentucky, executed the following will:

"Law Offices of
Chester Gourley
Jackson, Ky.

I make this my last will and will all I possess to my wife, Virginia Miller Gourley and appoint her my executrix without bond.

Written in my own hand this 9th day of May, 1918.

(Signed) Chester Gourley"

Gourley died on August 3, 1939, a resident of Dade county, Florida. At the time of his death he owned real estate in Lee county, Kentucky. The will executed in Kentucky on May 9, 1918, was admitted to probate in the county judge's court in and for Dade county, Florida, on August 23, 1939, and at a special term of the Lee county court on September 25, 1939, an authenticated copy of the will, accompanied by the Dade county, Florida, certificate of probate thereof, was offered for probate. An order was entered admitting such copy to probate as a will of personalty and real estate of Chester Gourley in the Commonwealth of Kentucky. Virginia Miller Gourley died testate a resident of Dade county, Florida, in December, 1942. She devised her entire estate in trust to her brother, Clarence Miller, and named him executor. Her will was admitted to probate in Dade county, Florida, and an authenticated copy thereof was admitted to probate in Lee county, Kentucky, at the

regular April, 1943, term of the Lee county court. On July 12, 1943, two of the four surviving sisters of Chester Gourley filed in the Lee circuit court a pleading designated "Petition—Statement of Appeal," in which they named as defendants Clarence Miller and their two sisters who refused to join them as plaintiffs. In the prayer of their pleading they asked that the "paper purporting to be the last will and testament of Chester Gourley, deceased, and attempted to be admitted to probate by the Lee County Court on September 25, 1939, as a valid will of personalty and real estate of said decedent in the Commonwealth, be set aside and that same be found and declared not to be the last will and testament of Chester Gourley, deceased, and that all proceedings had thereunder be declared null and void." They set up three grounds in support of the requested relief: (1) The writing purporting to be the will of Chester Gourley does not bear the names of two subscribing witnesses to Gourley's signature as required by the Statutes of the State of Florida, the state of the decedent's domicile, and therefore the will is void in Florida and the orders and judgment of the county judge's court in and for Dade county, Florida, admitting the paper to probate, likewise are void, and neither the writing nor the purported certificate or order of probate thereof is entitled to probate in this state; (2) the certified copy of the probate proceedings had in the county judge's court in and for Dade county, Florida, discloses that the proof upon which the order of probate was granted was given in the form of affidavits, and it does not appear that the purported will was proven to have been so executed as to be a valid will of lands in this Commonwealth; and (3) the authenticated copy of the will was ordered to be admitted as a valid will of the personalty and real estate in this Commonwealth of Chester Gourley by an order of the Lee county court held at a special term of the court contrary to the provisions of section 4854 of Carroll's Kentucky Statutes, the statute then in force. Special and general demurrers to the petition were filed, and, without waiving the demurrers, an answer was filed. In the second paragraph of the answer it was alleged that at the regular October, 1943, term of the Lee county court a writing dated May 9, 1918, purporting to be the last will of Chester Gourley, deceased, was filed and was proven by the testimony of divers witnesses to be

entirely in the handwriting of Chester Gourley and was established and adjudged by the Lee county court to be his last will, and was admitted to probate as a valid will of the personal property and real estate of Chester Gourley, deceased, in the Commonwealth of Kentucky. Plaintiffs demurred to the answer, the court sustained the general demurrer to the petition, and overruled the plaintiffs' demurrer to the answer. The plaintiffs declined to plead further, their petition was dismissed, and they have appealed.

This court takes judicial notice of the common law and statutes of other states. KRS 422.081. Prior to 1933 a will of real estate was not valid in Florida unless executed in the presence of two attesting witnesses, but a will of personalty, if entirely in the handwriting of the testator, was valid though not witnessed, and was entitled to be admitted to probate as a will of personalty. Brown v. Avery, 63 Fla. 355, 58 So. 34, Ann. Cas. 1914A, 90. In 1933 the Florida Legislature passed an act requiring witnesses to all wills, but subsection (d) of section 8 of the Act provided: "A will executed by a resident of this State, prior to the time this law takes effect, is valid if executed according to the laws of this State in force at the time of its execution." Compiled General Laws of Florida, sec. 5477(4), subsection (d), F. S. A. sec. 731.07(4).

The will in question, therefore, was valid as to personalty, though inoperative as to real estate in Florida, and was properly admitted to probate in that state.

Appellants' second objection to the probate in the Lee county court of the authenticated copy of the will admitted to probate in Florida is based upon the theory that the Florida probate proceeding was upon affidavits alone and did not show the will was executed so as to be a valid will of real estate in Kentucky. A sufficient answer to the contention is that the order of the Florida court admitting the will to probate recited that the instrument presented as the last will of Chester Gourley, deceased, was established and proven by oral testimony and affidavits.

The last objection to the proceedings in the Lee county court is that the authenticated copy of the will and the certificate of the Florida court of the probate

thereof were recorded at a special term of the Lee county court. Prior to its amendment by Chapter 167 of the Acts of 1942, section 1058 of Carroll's Kentucky Statutes read in part: "Special terms of the county court may be held at any time for the transaction of any business except the probating of a will, * * *."

By the 1942 amendment the words "the probating of a will" were stricken from the Act.

It is contended that this provision of the statute rendered void the proceedings of September 25, 1939, in the Lee circuit court. We think that the statute applied only to original probate proceedings and not to ancillary probate proceedings provided for in section 4854, Carroll's Kentucky Statutes, now KRS 394.150, but, aside from that, the original will was presented at the regular October, 1943, term of the Lee county court, and was properly proven and admitted to probate. The facts were set forth in paragraph 2 of the answer to which a demurrer was overruled. The proceedings at the regular October, 1943, term of the Lee county court were proper, and established the instrument as the last will of the testator. Northcutt v. Patterson, 233 Ky. 23, 24 S. W. 2d 902; Payne v. Payne, 239 Ky. 99, 39 S. W. 2d 205; Parnell v. Thompson, 81 Kan. 119, 105 P. 502, 33 L. R. A., N. S., 658.

The judgment is affirmed.