**BIRCH v. BIRCH et al.**

Court of Appeals of Kentucky.

Feb. 6, 1951.

Rehearing Denied June 12, 1951.

484

Claude E. Smith, Owensboro, for appellant.

Wilbur F. Dassel, Evansville, Ind., King & Craig, Henderson, for appellees.

MOREMEN, Justice.

On the 31st day of May, 1949, appellant, Sue Webb Birch, and L. R. Birch were married in the Commonwealth of Kentucky. On July 4, 1949, L. R. Birch died intestate, a resident of and domiciled in Vanderburg County, Indiana, seized and possessed of a quantity of real and personal property. In addition to his wife, he left surviving him as next of kin four nieces and nephews, Arthur Birch, who resided in Evansville, Indiana, Henry Birch, who lived in Chicago, Illinois, Ruby Robinson, whose residence was in Elizabethtown, Illinois, Peggy Birch, who resided in Dixon, Illinois, and Anna Marie Baumgartner, who lived in Henderson County, Kentucky.

On May 9, 1950, appellant filed a petition in the Henderson Circuit Court, under section 639a-1 of the Civil Code of Practice, and in this petition formal facts relating to the marriage ceremony were alleged. It was further alleged that since L. R. Birch was not survived by any child, or descendant of a child, or by father or mother, brother or sister, appellant, his wife, under the law of the State of Indiana, was entitled to the whole of L. R. Birch's property.

Appellant alleged that the nieces and nephews of L. R Birch were claiming and asserting that the marriage of appellant and said L. R. Birch was void for the reason that at the time of the consummation of the marriage ceremony, L. R. Birch was a lunatic and mentally incapable of entering into the matrimonal status, and for that reason were claiming they inherited from L. R. Birch all the property of which he died seized and possessed, thereby casting a cloud on appellant's title to the property.

Appellant prayed that the court, by appropriate declaratory judgment, decree that L. R. Birch was not on the date of their marriage a person of unsound mind and, by reason thereof, incapable of consummating their marriage.

Appellee, Anna Marie Baumgartner, was served with process in Henderson County, and a warning order was issued whereby the nephews and other nieces were warned to answer the petition. All the appellees demurred specially to appellant's petition, which was sustained by the court. Thereafter appellant filed an amended petition alleging that when the action was commenced she was in actual residence in the State of Kentucky, and further asserted "that the unfounded and untruthful assertions of defendants, that L. R. Birch was of unsound mind when he and she were married, not only tends to derogate the succession of his property and the legitimacy of her inheritance therein, as alleged in her petition, but contravene social order, cause her distress of mind and impugn her character and decency as they in substance and effect falsely accuse her of meretricious relations with L. R. Birch by reason of their marriage and assuming the status of husband and wife." Appellees filed a special

demurrer to the appellant's petition as amended, which the court sustained. Appellant declined to plead further and the petition as amended was dismissed.

Before we are able to fix the proper venue of the action alleged in the petition, it is first necessary to determine the nature of the action. If the action is transitory in nature and if appellee Baumgartner, who was joined as defendant and served with process in the Henderson Circuit Court, is a proper party to such action, then under section 78 of the Code, the action was properly brought in the county in which defendant, or in which one of several defendants who may be properly joined as such in the action, resided. But if the nature of this action is such that it is required to be brought in a particular county, then the joinder of a local defendant will not confer jurisdiction when the action should have been brought in another county.

When the allegations of the petition are examined, it is at once apparent that the pleader is concerned with establishing title to the estate left by L. R. Birch. It is true there is an attempt to ask only that the marriage status be fixed, but the purpose of asking for this adjudication is to fix the devolution of property located in the State of Indiana. Section 62 of the Code provides actions must be brought in the county in which the subject of the action, or some part thereof, is situated, and particularly states this rule is applicable where the recovery of real property, or interest therein, is sought.

 We have held the circuit court of a county where land is situated has exclusive jurisdiction to try questions of title under that section of the Civil Code of Practice. In the case of Baker v. Baker, Eccles & Co., 162 Ky. 683, 173 S.W. 109, L.R.A.1917C, 171, we held that where intestates die leaving property in several states, a court of sufficient jurisdiction in any of these states may, in proceedings to settle the estate in which non-resident, interested persons are made parties by constructive service, determine conclusively the rights of all the parties as to property situated within the state, but cannot conclusively determine their rights as to property having situs in other states. This holding was approved by the Supreme Court of the United States in the case of Baker v. Baker, Eccles & Co., 242 U.S. 394, 37 S.Ct. 152, 61 L.Ed. 386.

In the Baker case the facts are not identical with those presented here but the theory governing the selection of the proper forum is the same. If we assume appellant instituted this suit for the sole purpose of obtaining an adjudication concerning the validity of her marriage to L. R. Birch, then we believe that neither appellee Baumgartner, nor any of the nieces and nephews, are proper parties to the suit and were improperly named defendants in the action. If this is indeed a suit for the sole purpose of determining the validity of the marriage, then we are unable to recognize what interest a niece might have in such an adjudication. Ordinarily, the only persons interested would be the participants in the marriage ceremony, a child of the marital union, and, in a remote sense, the sovereign as represented by the state.

 It might be noted that in the amended petition appellant endeavors to show that the allegedly unfounded and untruthful assertions contravene social order and cause her distress of mind by falsely accusing her of meretricious relations with L. R. Birch. But this allegation is not for the purpose of recovering damages for any wrong alleged to have been done, nor are damages requested in the prayer of the amended petition. We believe this suit resulted only because appellant believed the nieces and nephews were "casting a cloud on her title to said property," and is a suit involving the title to property which should be brought in the county in which the property is situate. We, therefore, conclude that if this is a suit involving the title to real estate, which normally would fall under section 62 of the Civil Code of Practice, or is an action to settle an estate of a deceased person, which normally would be governed by sections 65 and 66 of the Civil Code of Practice, then it is not a transitory action such as would be governed by section 78 of the Code.

Judgment affirmed.