Henry C. VOGT, Appellant,

v.

Gilbert POWERS' ADMINISTRATRIX (Edith Mae Powers), Appellee.

Court of Appeals of Kentucky.

June 22, 1956.

John B. Anderson, E. B. Anderson, Owensboro, for appellant.

Beckham B. Robertson, Richard A. Robertson, Owensboro, for appellee.

MOREMEN, Judge.

This appeal is from a judgment of the Hancock Circuit Court awarding to appellee, Edith Mae Powers, Administratrix, the sum of $12,000 for the death of her intestate, Gilbert Powers, who was killed in an accident while riding in an automobile which appellant, Henry Vogt, was driving.

The first question presented on this appeal is whether the Hancock Circuit Court had jurisdiction of the person and the action.

Henry Vogt and his wife formerly lived in Cannellton, Indiana. In November 1953, they came to Hancock County to live with his father-in-law. On January 4, 1954, appellant invited Gilbert Powers and his brother to ride with him from Hawesville to Newburg, Indiana. Near Grandview, Indiana, the car was wrecked and Gilbert Powers was killed. On May 18, 1954, appellee, who is administratrix of the decedent's estate, filed suit for damages against appellant and service of summons was had upon appellant in Hancock County. It is this service which appellant contends was defective.

KRS 452.460 reads in part:

"Every other action for an injury to the person or property of the plaintiff, and every action for an injury to the character of the plaintiff, against a defendant residing in this state, must be brought in the county in which the defendant resides, or in which the injury is done."

Appellant contends that he has never resided in Hancock County and therefore the service of summons was defective. He does not deny that after November 1953, he had actual physical presence in Kentucky or that he had moved his family and furniture to Hancock County.

The record demonstrates that appellant's residence in Hancock County was sufficient to satisfy the requirement of the statute.

He moved to Hancock County in November 1953 with his family; he was living there on the date of the accident in Indiana; in March 1954 following the accident, he bought a one-half interest in a service station at Hawesville; and at the time of the trial in July 1955, he was cultivating land on shares in Breckinridge County, an adjoining county.

It is not necessary that he have his domicile in Hancock County to give venue to the court, it is enough that he be a resident of that county.

Appellant has relied upon the statement that he intended sometime in the future to return to Cannellton and, in support of his argument that the court had no jurisdiction, he seems to have confused the terms "residence" and "domicile."

In Russell v. Hill, Ky., 256 S.W.2d 508, 509, a distinction between the two terms was made in this language:

"Although used interchangeably, they have a separate and distinct meaning. 'Domicil' has a broader meaning than 'residence.' It includes residence but actual residence is not essential to retain a domicil after it is once acquired. Residence is preserved by an act; domicil by an act coupled with intent. While one may have only a single domicil, he may have several residences. Having acquired a legal residence and domicil as contemplated by the statute, it can only be lost or changed by the exercise of a conscious volition. St. John v. St. John, 291 Ky. 363, 163 S.W.2d 820."

Since it is not necessary to establish domicile under KRS 452.460, the establishment of the fact that appellant had residence in Hancock County was sufficient even though he may have had a legal domicile and residences elsewhere.

Appellant next contends that inasmuch as appellee did not specifically plead or prove the law of the state of Indiana where the accident occurred, it must be presumed that common law, which allowed no recovery for the death of a person, applies and therefore no recovery may be had.

This argument fails to take into consideration the provisions of acts which became effective in 1942 and which read as follows:

"422.081 Judicial notice of laws of other states and jurisdictions. Every court of this state shall take judicial notice of the common law and statutes of every state, territory and other jurisdiction of the United States.

"422.082 Information of the court. The court may inform itself of such laws in such manner as it may deem proper, and the court may call upon counsel to aid it in obtaining such information."

Appellant has relied upon Stewart's Adm'x v. Bacon, 253 Ky. 748, 70 S.W.2d 522, which supports appellant's argument but which was decided about ten years before the enactment of the statutes above quoted. For cases in which judicial notice was taken of the common law and the statutory law of other states under the new act, see Leiserson & Adler, Inc., v. Keam, Ky., 266 S.W.2d 352, and Gourley v. Miller, 302 Ky. 759, 196 S.W.2d 360.

It is apparent from the record that the trial court exercised the right to apprise itself of the law of the sister state and applied the law of Indiana. Indiana statutory

law grants the right to a personal representative to bring action for wrongful death. Section 2–404(292), Burns' Indiana Statutes. Indiana law also permits a guest to recover because of the negligent action of the driver if that action amounts to willful or wanton conduct. Section 47–1021 (10142.1), Burns' Indiana Statutes.

The trial court followed the mandates of the Indiana law because the instructions given in this case were predicated upon the need to show willful or wanton conduct before any recovery might be had.

We have found no prejudicial error and the judgment is affirmed.