**SECOND NATIONAL BANK OF ASHLAND, Trustee under the Will of Volney Wayne Thomson, Deceased, Appellant,**

v.

**William Edgar THOMSON and Anita Conley, Ancillary Administratrix of the Estate of Volney Wayne Thomson, Appellees.**

Court of Appeals of Kentucky.

June 12, 1970.

————————

W. H. Dysard, Dysard & Baldridge, Ashland, for appellant.

James W. Lyon, Sr., Charles M. Daniels, Greenup, A. L. Carlton, El Paso, Tex., for appellees.

EDWARD P. HILL, Jr., Chief Justice.

The single question presented on this appeal is: Should the will of Volney Wayne Thomson, a resident of Texas, which attempted to dispose of real estate situated in Kentucky, be admitted to probate in Greenup County, Kentucky, the county in which his real estate is located, and an ancillary administratrix be appointed in Greenup County?

The county court of Greenup County, Kentucky, answered this question in the negative, as did the circuit court. We say yes to the question and reverse.

Volney Wayne Thomson died October 23, 1966, a resident of El Paso County, Texas. By his will dated April 27, 1962, and by a codicil dated May 6, 1966, he undertook to appoint the Second National Bank of Ashland, Kentucky, as trustee of his estate. He directed the trustee to pay all income from his estate to his sister, Perlina Thomson, during her "natural life." Upon the death of Perlina, the trustee was directed to "lease, rent or sell any or all of said property * * * and use the same for the education of the grandchildren and heirs of Volney E. Thomson." Volney E. Thomson was the father of testator.

The will also provided that if after 40 years "there are no qualified heirs or legatees entitled to receive the benefits" under the trust, all "proceeds remaining" should go "to a Protestant College or University in Greenup County, Kentucky, and preferably named Thomson."

The bulk of testator's estate consists of real estate situated in Greenup County, Kentucky.

On August 10, 1967, one of the heirs of testator filed a petition in the district court of El Paso County, Texas, against all other heirs asking for a construction of the will. The Second National Bank was made a party in this proceeding but did not appear or answer. The Texas court adjudged that the will "is void in whole and in part."

It is the contention of the trustee, appellant, that the will should be probated in Greenup County, Kentucky, and the trust should take effect at least as to the real estate in that county. It is the contention of the appellees that the will should not be probated because of the proceedings in the State of Texas.

Bear in mind we are not here concerned with the construction of the will. It may well be that the heirs at law of the testator are bound by the Texas judgment, but the beneficiaries in Greenup County, if any there are or may be, would not be bound by the foreign judgment insofar as the title to real estate situated in Kentucky is involved.

The proceeding for the probate of the will in question was filed in the proper county under KRS 452.410 and 394.140. The county court may probate without making interested persons parties to the proceedings. See KRS 394.220. An appeal from the county court order is provided by KRS 394.240. In circuit court all interested persons must be made parties (KRS 394.260). Apparently the legislature intended that the county court would merely conduct a hearing on the question of the execution of the will, but when the question reaches the circuit court, the real battle begins where any and all questions may be raised and a jury demanded.

In the instant case, the issue before the county court involved only the validity of the Texas judgment, and on appeal to the circuit court that issue was not enlarged. So we are faced with the proposition: Shall we give the usual full faith and credit to foreign judgments that may affect the title to real estate located in this state?

In the early case of Williams v. Jones, 77 Ky. (14 Bush) 418, this court wrote: "In determining the question whether the will shall be probated as a will of real estate, the foreign judgment must be left entirely out of view." This seems to be the general rule. See 57 Am.Jur., Wills, § 957, page 626.

For later Kentucky cases following the Williams case, supra, see Birch v. Birch, Ky., 239 S.W.2d 483; Gaskins v. Gaskins, 311 Ky. 59, 223 S.W.2d 374; and Martin v. Harris, 305 Ky. 235, 203 S.W.2d 78.

See also 16 Am.Jur.2d, § 55, page 86, and § 57.

Appellees cite KRS 394.150, relating to the probate of wills of nonresidents. This statute expedites the probate of foreign wills that have been probated in another state, but it is silent as to a will that has been held void and refused probate by another state.

We have read Payne v. Payne, 239 Ky. 99, 39 S.W.2d 205, and Northcutt v. Patterson, 233 Ky. 23, 24 S.W.2d 902, cited by appellees and do not find that these cases conflict with our views above expressed.

Our research discloses no case deviating from the early case of Williams v. Jones, supra, and we can think of no reason for doing so now.

The judgment is reversed with directions that the county court be ordered to proceed with probate of the will and codicil under recognized statutes relating thereto.

All concur.