**Dean E. COX et al., Appellants,**

v.

**Norma P. HARRISON, Executrix with will annexed of Dwight O. Cox, Deceased, et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 3, 1975.

William S. Cooper, Collier, Arnett, Coleman & Cooper, Elizabethtown, for appellants.

Paul M. Lewis, Lewis & Bland, Elizabethtown, David L. VanZant, Huddleston, VanZant & Coyle, Elizabethtown, for appellees.

STERNBERG, Justice.

This case presents the question of whether the will of a nonresident of Kentucky which was executed in such a manner as to meet Kentucky requirements for execution may be probated in Kentucky so as to pass title to real estate located in Kentucky, even though under Kentucky law the will would have been revoked by reason of the testator's divorce. KRS 394.095.

The devolution of personal property and real estate is universally recognized by the following quotations:

██ 2 Restatement of the Law, Conflict of Laws 2d, Section 239:

"Validity and Effect of Will of Land—

(1) Whether a will transfers an interest in land and the nature of the interest transferred are determined by the law that would be applied by the courts of the situs."

Section 263:

"Validity and Effect of Will of Movables—

(1) Whether a will transfers an interest in movables and the nature of the interest transferred are determined by the law that would be applied by the courts of the state where the testator was domiciled at the time of his death."

The devolution of personal property and real estate in Kentucky under these circumstances followed this general policy, but was regulated by statute. KRS 394.150.

KRS 394.150[1] provided that when the will of a non-resident had been duly proved and probated out of this state an authenticated copy and a certified copy of probate may be offered for probate in this state. When this procedure had been followed, this statute further provided, the will shall be admitted to probate as a will of personalty. On the other hand, this statute provided that in the event the will was proved in the foreign court of probate to have been so executed as to be a valid will of land in this state, the copy may be admitted to probate as a will of real estate.

In *Dupoyster v. Gagoni*, 84 Ky. 403, 1 S.W. 652, 8 Ky.Law Rep. 392, we held that the language used in this statute required the trial court to decide not only whether there was proof that the foreign will was executed in compliance with Kentucky law but whether the proof offered in the foreign court would have been sufficient to authorize probate of the will if it had been offered in an original proceeding in Kentucky.

 The will in question was executed prior to the final decree of divorce. The will was revoked by operation of KRS 394.-095. Inasmuch as the will was revoked by divorce, it could not have been admitted to probate if it had been offered originally in Kentucky. Therefore, under the holding of *Dupoyster v. Gagoni*, supra, the probate court may not admit this foreign will to probate so as to make disposition of real estate located in Kentucky.

 The judgment of the Hardin Circuit Court, dated March 16, 1972, ordering the probate of this will to effect the transfer of both realty and personalty in the Commonwealth of Kentucky is affirmed in part and reversed in part. Insofar as the judgment directs the probate to effect the transfer of personalty, it is affirmed, and insofar as the

judgment orders the probate to effect the transfer of realty, it is reversed.

REED, C. J., and STEPHENSON, JONES, PALMORE, CLAYTON and STERNBERG, JJ., sitting.

All concur.

---

1. This statute was amended in 1972. The amendment eliminates the distinction between personalty and real estate. These present proceedings predate the amendment.